### KING *v.* WORTHINGTON.

1. A cause pending on appeal in the Supreme Court of a State at the date of the passage of the act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470), was remanded for a rehearing, the decree below having been reversed solely upon the ground of the admission of the evidence of incompetent witnesses. The transcript was filed in the court of original jurisdiction at a term thereof which was within the time prescribed by the State statute. *Held*, that a petition for the removal of the cause to the Circuit Court of the United States filed at the same term and before such rehearing was filed in due season.

2. Where, touching the competency of witnesses, there is a conflict between the law of a State and an act of Congress, the latter must govern the courts of the United States.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Horace F. Waite* for the appellants.

*Mr. Henry G. Miller, contra.*

MR. JUSTICE WOODS delivered the opinion of the court.

This was a suit in equity, brought originally in the Superior Court of Cook County, in the State of Illinois, on July 22, 1870, by George W. Worthington and John T. Avery, citizens of the State of Ohio, against Emily A. King, widow of John B. King, deceased, and Vere Bates King, his only child, a minor, and the said Emily A. King as guardian of said minor, the said defendants being citizens of the State of Illinois. During the progress of the case George W. Worthington died, and his legal representatives, who were also citizens of Ohio, were made parties complainant in his stead. The purpose of the bill was to remove a cloud from the title to certain real estate in that county, of which the original complainants alleged

themselves to be the owners in fee, by a decree setting aside and avoiding a deed therefor, made to the said John B. King in his lifetime by one Heman Scott.

The bill averred that on and prior to June 1, 1843, Scott was the owner in fee of the lands in question, to wit, the west half of the southwest quarter of section 20, township 38, range 13, and that he conveyed them by deed of that date to one Isaac Bishop.

The bill then traced the title by successive conveyances from Bishop through Porter L. Hinckley, John R. Bartholomew, Corydon Weeks, and others, to the original complainants, and averred that, long before the commencement of the suit, they, by means of said conveyances, became and still were seised in fee — the said Avery of the north, and the said Worthington of the south half — of the lands in question.

The bill further averred that on June 21, 1861, Scott executed and deliv d to the said John B. King a quitclaim deed purporting to convey to him all the right and title which Scott then had in any lands in Cook County, Illinois, which by its terms included the lands above mentioned.

It was further averred that on Oct. 2, 1864, said John B. King died, leaving the defendant Emily A. King, his widow, and the defendant Vere Bates King, who was a minor, his only child, of whom the said Emily had become the duly appointed guardian, and that the deed executed to John B. King by Scott had created a cloud upon complainant's title, in consequence of which they were unable to sell or dispose of said land.

The answer of Emily A. King, in her own right and as guardian, consisted of a general denial of the allegations of the bill, excepting the allegation of the conveyance from Scott to John B. King.

Among others, the depositions of Scott, Bartholomew, Hinckley, and Weeks were taken. These witnesses severally testified to their ownership of the property in dispute, and to the execution of the deeds of conveyance charged in the bill to have been executed by them respectively, and that all of said deeds contained full covenants of warranty.

Upon final hearing a decree was made by the Superior Court

of Cook County in favor of the complainants. The defendants took the case by appeal to the Supreme Court of the State. The decree was reversed, because the testimony of Weeks, Hinckley, and Bartholomew had been received by the Superior Court against the objection of defendants.

This decision was based on a construction of the statute of Illinois, which declares : " No person shall be disqualified as a witness in any civil action, suit, or proceeding, except as here-inafter stated, by reason of his or her interest in the event thereof, as a party or otherwise." The exception is as follows : " No party to any civil action, suit, or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or on his own behalf, by vir-tue of the foregoing section, when any adverse party sues or defends as . . . heir . . . of any deceased person, or as guar-dian . . . of any such heir."

The Supreme Court held that by reason of the fact that Scott, Weeks, Hinckley, and Bartholomew had each conveyed the lands in question with covenants of warranty, they were interested in the event of the suit, and as it was defended both by the heir and his guardian, the persons above named were incompetent to testify in the case.

The opinion of the Supreme Court was filed, and its decree remanding the cause was made, Oct. 11, 1875.

Sects. 84 and 85, c. 110, of the Revised Statutes of Illi-nois provide, that " when a cause or proceeding is remanded by the Supreme Court or Appellate Court, upon a transcript of the order of the court remanding the same being filed in the court from which the cause or proceeding was removed, or in which the cause originated, as the case may require, and not less than ten days' notice thereof being given to the adverse party or his attorney, the cause or proceeding shall be rein-stated therein.

" If neither party shall file such transcript within two years from the time of making the final order of the Supreme Court or Appellate Court, as the case may be, reversing any judg-ment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein."

In this case the mandate of the Supreme Court was filed in

the Superior Court, Nov. 11, 1875, and the cause was re-docketed in the latter court, Nov. 23, 1875. The statute of Illinois (Hurd, p. 331, sect. 54) prescribes that the terms of the Superior Court of Cook County shall begin on the first Monday of every month.

On Dec. 4, 1875, the last day of the November Term, a petition and bond for the removal of the cause to the Circuit Court of the United States for the Northern District of Illinois were filed in the Superior Court by the complainants. The petition alleged that the then current term of the court was the first term at which said cause could have been tried since the date of docketing said cause in the Superior Court, as aforesaid, and since the passage of the act of Congress under which the petition was filed.

On December 14, against the objection of defendants, an order was made for the removal of the cause. The record was filed in the United States Circuit Court, Dec. 20, 1875.

Upon the final hearing of the case in the Circuit Court, among others, the depositions of Scott, Weeks, Hinckley, and Bartholomew, who had been declared by the Supreme Court incompetent witnesses under the State law above recited, were admitted in evidence, and the Circuit Court made a final decree in favor of complainants, in accordance with the prayer of their bill.

The act of Congress regulating the competency of witnesses, by virtue of which the Circuit Court admitted the depositions of the persons above named, is as follows: —

"In the courts of the United States no witness shall be excluded in any action on account of color, or in any civil action because he is a party to or interested in the issue tried: *Provided*, that in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other, as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. In all other respects the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law and in equity and admiralty." Rev. Stat., sect. 858.

The defendants in the Circuit Court have appealed from the decree of that court, and as appellants in this court have assigned the following errors : —

*First*, That the cause was not removable under the act of Congress. The petition was not filed at the term at which said cause could be first tried, and before the trial thereof, and the petition is insufficient for its removal.

*Second*, That the court erred in deciding that Heman Scott, Corydon Weeks, John R. Bartholomew, and Robert Hinckley were competent to testify in this case ; also, in deciding that the decision of the Supreme Court of the State of Illinois holding them incompetent was not *res judicata ;* also, in admitting improper evidence on the hearing.

The act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470), under which the appellees claim that the cause was removed to the Federal court, declares that the petition for removal must be filed " before or at the term at which said cause could be first tried and before the trial thereof."

At the date of the passage of the act this suit was pending in the Supreme Court of Illinois. The decree was subsequently reversed and the cause remanded. This court has construed the clause of the act of 1875, just quoted, to allow the removal of a cause pending at the date of the passage of the act, if the application therefor was made before trial and at the term of the court, after the passage of the act, at which the cause could be first tried. (*Removal Cases*, 100 U. S. 457) ; in other words, that the fact that the first term of the court in which the cause could have been first tried had already passed when the act went into effect, was not of itself an obstacle to the removal.

In the case just cited, it was further held that the fact that a final decree upon the default of defendants had been entered in the cause before the passage of the act of 1875, did not prevent a removal of the cause under the act, after such decree had been set aside and a rehearing granted.

In this case the parties complainant and defendant were citizens of different States. The petition and bond for removal were in due form, and the bond was sufficient.

The only ground, therefore, on which it can be urged that

.the attempt to remove the cause to the Circuit Court was unwarranted by law, and, therefore, ineffectual, is that the petition therefor was not filed before or at the term, after the passage of the act of 1875, at which the cause could be first tried.

The appellee asserts that the decision of the Supreme Court of Illinois, reversing the decree of the Superior Court, having been made on October 11, while the October Term of the Superior Court was current, the cause might have been re-docketed and tried during that term of the Superior Court, and that the re-docketing of the cause at the following November Term, and the filing of the petition for its removal during that term, came too late.

The answer to this position is obvious. The cause could not have been tried in the Superior Court until the transcript of the order of the Supreme Court remanding it had been filed therein.

Under the statute of Illinois both parties were allowed two years within which to file the transcript. Either party might file it, and no laches or default could be charged against either, if it were filed within two years. It follows that when the appellees delayed the filing of the transcript from October 11 until November 23 they were exercising a privilege which the law gave them, and lost none of their rights thereby.·

Therefore, where the transcript of the Supreme Court was filed within two years after the order remanding the case had been made, a petition for removal filed at the same term must be held to have been filed at the term at which the cause could have been first tried, and to have been filed in due season.

If the decision of the State Supreme Court had finally disposed of the case, there could, of course, have been no removal of the cause to the Federal court after such decision.

But according to the practice and jurisprudence of the State of Illinois, where the decision of the Supreme Court, reversing and remanding a cause in equity, does not involve the merits, the case, upon the filing of the transcript in the court below, stands for rehearing in that court. *Chickering* v. *Failes*, 26 Ill. 508 ; s. c. 29 id. 294 ; *Wadhams* v. *Gay*, 73 id. 415 ; s. c. 83 id. 250 ; *Pettilon* v. *Noble*, 7 Biss. 450.

This cause was reversed by the State Supreme Court solely on the ground of the error of the Superior Court in admitting incompetent evidence. When, therefore, the cause was remanded, it stood for rehearing as soon as it was re-docketed in the Superior Court.

We are of opinion, therefore, that the case was properly removed from the Superior Court of Cook County to the Circuit Court of the United States.

The next ground of error assigned is that the Circuit Court admitted in evidence the depositions of Scott, Weeks, Bartholomew, and Hinckley.

It is perfectly clear that, under the act of Congress (Rev. Stat., sect. 858), the persons named were competent witnesses in that court. This point has been expressly ruled by this court in the case of *Potter* v. *National Bank* (102 U. S. 163), brought up on error from the Northern District of Illinois. It was also held, in the same case, that, where there was a conflict between the act of Congress and the law of the State in regard to the competency of witnesses, the United States court was bound to follow the act of Congress. The question is, therefore, reduced to this: Does the fact, that while the case was pending in the State court these witnesses were held by that court to be incompetent under the State law, preclude them from testifying in the case after its removal to the United States court? We think this question must be answered in the negative.

The Federal court was bound to administer the law of evidence as prescribed by act of Congress, unless what had transpired in the State court presented an insuperable obstacle to that course. This the appellants claim was the fact. They say that the transfer of a case from the State to a Federal court does not vacate what has been done in the State court previously to removal; that what has been decided in the State court is *res judicata* and cannot be re-examined. In support of this position *Duncan* v. *Gegan* (101 U. S. 810) and other cases are cited. The law as settled by this court is correctly stated by appellants.

But the rulings of the Circuit Court in the progress of the cause after its removal did not reverse or vacate anything which

had previously been adjudicated by the State court. The decision of the latter court was that, under the State law, certain witnesses were incompetent in the State court. The Federal court decided that, under the laws of the United States, the same witnesses were competent when offered in a United States court. Here is no conflict of opinion, and no unsettling of any matter which had been adjudged by the State court. The Federal court was bound to deal with the case according to the rules of practice and evidence prescribed by the acts of Congress. If the case is properly removed, the party removing it is entitled to any advantage which the practice and jurisprudence of the Federal court give him.

In this instance the court below followed the law of evidence as prescribed by Congress. In doing so it did not reverse any ruling of the State court, and, we think, committed no error.

No other evidence admitted by the Circuit Court is complained of by the appellants as incompetent.

The counsel of both parties have discussed in their briefs the question whether the evidence set out in the record is sufficient to support the decree of the Circuit Court. No error has been assigned on the ground that the testimony was insufficient. It is, therefore, unnecessary to discuss this point. We may remark, however, that in our opinion the evidence amply justifies the decree.

There is no error in the record.

*Decree affirmed.*