## BRYANT and others *v.* THOMPSON and others.

*(Circuit Court, S. D. Iowa. June Term, 1886.)*

1. REMOVAL OF CAUSE—REVIEWING INTERLOCUTORY ORDERS OF STATE COURT.

    The United States circuit court does not sit as a court of errors in a cause removed from a state court, but it has the same power to reverse or modify interlocutory orders or decrees of a state court as the state court would have had, had the cause remained there, or as it would have, had the cause originated in the United States circuit court.

2. SAME—RENEWING MOTION WHICH HAD BEEN DISMISSED BY STATE COURT—DISCHARGING RECEIVER.

    A motion to discharge a receiver, made on the same grounds on which it had been previously dismissed in the state court, will not be granted by the United States circuit court after removal of cause to the latter court.

In Equity. Motion to discharge receiver.

*J. C. Power* and *H. Scott Howell & Son*, for plaintiffs.

*S. L. Glasgow*, for defendants.

LOVE, J. This cause is here by transfer from the district court of Iowa for the county of Des Moines. Before its removal a receiver was appointed by the state court to take possession of the property in controversy, and to collect the rents and profits of the same. The defendant, prior to his application to have the cause transferred, moved before the state court for an order to discharge the receiver, and restore the possession of the property to him as the rightful owner. The grounds of this motion, among others, were that the appointment of receiver had been made improvidently, and without due notice to the defendant. The district judge seems to have considered this motion upon the defendant's answer, and such evidence as is applicable to such a proceeding, and, after hearing the arguments of counsel, he denied the motion, and entered an order overruling the same. The defendant now renews in this court his motion to remove and discharge the receiver. He offers no evidence to support his motion in addition to that upon which the state district judge refused to grant his application.

It is argued by counsel that this court does not sit as an appellate tribunal in cases transferred from the state court, but takes them, and proceeds with them to a final determination, just as they come from the state court; and therefore it is insisted that it is not competent here to review or reverse any proceeding that may have been had in the state court before the removal of the cause into this court. I am aware that this language is to be found in the decisions of some federal courts, but, without proper qualification, it is misleading. It is true that in removal cases the United States circuit court does not sit as a court of errors, and that as such it cannot review and reverse the interlocutory orders and decisions of the state courts. But it is nevertheless competent for the circuit court to set aside or modify

v.27F.no.14—56

any interlocutory orders or decisions made in the state court before removal, when it satisfactorily appears that such orders are erroneous. The circuit court after the removal certainly has the same power over the decisions máde in the state court that it has over its own past rulings and orders in the cases commenced originally before it. If a case transferred had remained in the state court, it would have been entirely competent for that tribunal to have changed, modified, or set aside its own orders, when satisfied that they were erroneous. Thus, if the state court had granted a temporary injunction, it would have been competent for the same court, upon a proper showing, to set it aside. If it had, upon a proper hearing, denied a motion to dissolve an injunction, it would have been entirely competent for it to entertain another motion to dissolve, and to grant such second application upon a satisfactory showing. So, if a state court denies an application to remove or discharge a receiver, it may, so long as the cause is still before it, with competent jurisdiction, entertain and grant a subsequent motion for the same purpose. The same may be said of all its interlocutory orders.

Now, when a cause is removed from the state court to the United States circuit court it stands in the latter just as it stood in the state court before removal. All orders and rulings in the state court remain in full force until they are changed or set aside in the circuit court. But the circuit court, certainly, has the same power over them—the same jurisdiction to modify them or set them aside—that the state court would have had if the cause had not been removed. Interlocutory orders made in the state court clearly do not, by virtue of their removal to the United States circuit court, receive any such additional force and effect as to preclude the circuit court from doing with them what the state court might have done if the cause had remained there. The circuit court certainly has the same power over interlocutory orders and decrees made in the state court before removal that it might exercise over its own past decretal orders and decisions in a cause originating before it. The United States circuit court will treat the decisions of the state court before removal with precisely the same respect, and give them the same force and effect, that it would bestow upon similar orders and decrees made in its own tribunal; but it will not give them any greater force and effect than its own interlocutory orders and decisions would be entitled to.

So much with respect to the power of the court to which a cause is removed, to change, set aside, or modify orders made in the state court while the cause was before it. It is nevertheless my judgment that the order made in this cause in the state court, denying the application to remove the receiver, should not, on the showing now presented, be set aside. Suppose a motion were made in this court to discharge a receiver of its own appointment, and suppose the court had refused to grant the application, would it entertain the same

motion a second time, and, without any additional evidence or show-ing, grant the application? It certainly would not. Without some most cogent reason the court would not set aside its own solemn judgment, entered after due consideration and full argument.

Now, it appears that this same motion to discharge the receiver was made before the state district judge. It was argued before him, and the application denied. It is before us upon the same evidence and showing that were presented to the state judge. No additional evidence to support the motion has been adduced before us. We shall treat the judgment of the state judge just as we would our own decision under similar circumstances. We certainly would not, under such circumstances, reverse and set aside our own order, and we shall not reverse and set aside that of the state judge without some further and more cogent evidence that it was erroneously or improvi-dently made.