Commonwealth Ins. & Trust Co. *v.* Charles O. Brown.
The Camden National Bank, Garnishee and Appellant.

*Married women—Conveyance in fraud of creditors—Gift—Consideration.*

A wife's joining with her husband, who was financially·embarrassed, in the conveyance to a creditor of certain of his real estate, incumbered to almost its full value, so as to relieve her right of dower, is not sufficient consideration to support a conveyance of other real estate by the husband to the wife.

Argued Jan. 16, 1895.    Appeal, No. 515, Jan. T., 1894, by The Camden National Bank, Garnishee, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1890, No. 592, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Attachment execution.    Before GORDON, J.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for plaintiff.
Verdict and judgment for plaintiff.    The garnishee appealed.

*Error assigned* among others, was (4) above instruction.

*R. O. Moon,* for appellant, cited: Anderson v. Neff, 11 Sar. & Rawle, 208; Waters v. Largy, 5 Rawle, 131; Benson v. Maxwell, 105 Pa. 274; Wilson v. Howser, 12 Pa. 109; Clark v. Depew, 25 Pa. 509; Haak's Ap., 100 Pa. 59; Ditman v. Raule, 124 Pa. 225; Hyatt v. Johnston, 91 Pa. 196; Longenecker v. Penna. R. R., 105 Pa. 328; Wenrich v. Heffner, 38 Pa. 207; Larkin v. McMullin, 49 Pa. 29; Williams v. Davis, 69 Pa. 21; Township v. Maynard, 45 Pa. 198; Snyder v. Christ, 39 Pa. 507; Mullen v. Wilson & Kelly, 44 Pa. 413; Morris v. Ziegler, 71 Pa. 450.

*Rowland Evans, Edward H. Bonsall* with him, for appellee, cited: Thomson v. Dougherty, 12 S. & R. 454; Redfield Mfg. Co. v. Dysart, 62 Pa. 62; Reade v. Livingston, 3 Johnson's Ch. (N. Y.) 485; Woolston's Ap., 51 Pa. 452; Scott v. Crosdale, 2 Dallas, 127; Graff v. Smith, 1 Dallas, 481; Mitchell v. Mitchell,

8 Pa. 126; Helfrid v. Obermyer, 15 Pa. 115; Moyer v. Schick, 3 Pa. 242; Zerbe v. Miller, 16 Pa. 492; Geiger v. Welsh, 1 Rawle, 349; Bispham's Equity, 244; Hill on Trustees, 4 Am. ed. 39; Atherly on Marriage Settlements, 149; Warden v. Jones, 2 De G. & J. 76; Randall v. Morgan, 12 Ves. 67; Valzey on Settlement, vol. 1, p. 128; Gamber v. Gamber, 18 Pa. 366; Keeney v. Good, 21 Pa. 349; Fritchey's Est., 1 Pearson, 169; Aurand v. Schaffer, 43 Pa. 363; Baringer v. Stiver, 49 Pa. 132; Conelley v. Bentley, 87 Pa. 44; Wilson v. Silkman, 97 Pa. 509; Winter v. Walter, 37 Pa. 161.

OPINION BY MR. JUSTICE FELL, March 4, 1895:

The money in the hands of the garnishee at the time of the service of the attachment was a deposit to the credit of the wife of the defendant in the judgment. It was derived from the sale of real estate which her husband had conveyed to her. The consideration for the conveyance was her joining with him in the conveyance of a number of properties to the plaintiff to secure an indebtedness then due it. The defendant had borrowed money of the Commonwealth Company, the plaintiff, on a mortgage secured upon a number of pieces of real estate upon which he was erecting buildings. He became unable to complete the building operation, and in order to secure the loan the company advanced money to pay mechanics' liens and finish the houses. To secure these advances as well as the original indebtedness the properties were conveyed to a third party, who held the title for the company. Nearly all of the real estate conveyed was subject to other mortgages, and the mechanics' liens amounted to about $25,000. It was agreed that after the sales of the properties the plaintiff should account to the defendant and pay to him any balance remaining after deducting the amount of his indebtedness. The conveyance by the defendant to the agent of the plaintiff was made June 30, 1890. The conveyance of the property from the sale of which the fund in question arose was made to the defendant's wife in September, 1890, in fulfillment of a promise made to her by her husband before she signed the deed of June 30th. She sold the property in October, 1890, for $3,800.

The only question at the trial was whether the money in possession of the garnishee belonged to the defendant or to his wife. It was derived from the sale of real estate which he had

conveyed to her.   Her title could be sustained only as a gift or as a conveyance founded upon a valid consideration.   If it was a gift it was incumbent upon her to show that her husband was solvent at the time ; if it was a purchase, that she gave a valid consideration.   She met neither of these requirements, and a verdict was properly directed for the plaintiff.   There was no attempt to establish a gift, and there was no evidence which would have sustained one against her husband's creditors.   The consideration alleged was her joining in the conveyance of real estate to the plaintiff.   Her husband at the time, if not insolvent, was indebted for a large amount, and was pecuniarily embarrassed.   He was unable to pay the debts which were liens upon the property conveyed, or to complete the houses which were in the course of erection.   He could not discharge or otherwise secure his obligations, nor complete his building operations and carry his houses for a better market.   The purpose of the conveyance was to secure his indebtedness and to save his property from an immediate sale by his creditors.

The consideration set up for the conveyance by the wife was at most her inchoate right of dower in incumbered real estate conveyed to her husband's creditors to secure his debts.   There was no evidence which would have sustained a gift to her of any part of his estate, and it is difficult to see upon what ground a conveyance of a part to her in consideration of her assent to the transfer of the remainder to his creditors as a security can be sustained.   As between the parties the conveyance was in effect a mortgage, and he could have mortgaged the land without her consent.   She had no right which could have been successfully asserted against the creditors.   As a sale made under the then existing mortgages and liens would have divested her dower, she gave up nothing which they could not have taken without her consent.   There was no satisfactory evidence that the property conveyed had any value above the incumbrances.   The possibility of such a value depended upon her husband's effecting a settlement by the conveyance in which she joined.   Her inchoate right to this bare possibility was not as against her husband's creditors a valid consideration for the conveyance to her of a property worth $3,800.   This was not to be determined by the jury as a question of fact, but by the court as a question of legal policy.

The judgment is affirmed.