(36 South. 50.)

No. 14,744.

STATE ex rel. COTONIO (MALONEY, Intervener) v. LOUISIANA BAR ASS'N.

(Feb. 15, 1904.)

BAR ASSOCIATION—MEMBERSHIP—MANDAMUS.

1. The "Louisiana Bar Association" is a private corporation, and all questions of membership must be left to the determination of the association, under its own rules and regulations.

2. Conceding the right of relator to institute a mandamus suit to compel the committee on membership to act on his application, this relief will be denied where the sworn return and the evidence show that said committee has reported unfavorably on relator's application.

3. The question whether the action of the committee was regular or irregular must be determined by the association itself.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Application by the state, on the relation of Theodore Cotonio, for writ of mandamus to the Louisiana Bar Association. Robert J. Maloney intervenes. From an order denying the writ, plaintiff and intervener appeal. Affirmed.

Theodore Cotonio, in pro. per. Robert John Maloney, in pro. per. Edwin Thomas Merrick, Charles Payne Fenner, and Charles Rosen, for appellee.

LAND, J. The allegations and prayer of relator's petition are as follows, viz.:

"That he is a practicing attorney at law, and as such is eligible to membership in the Louisiana Bar Association, a corporation whose domicile is in the city of New Orleans, and of which Bernard McCloskey is president; that relator, some months ago, exact date of which relator does not now remember, made application for membership in said Louisiana Bar Association, said application being in due form, and being properly indorsed by two members of said association; that said Louisiana Bar Association refuses to act upon said application, and it should be ordered by the court so to do by its writ of mandamus, relator being without relief by the ordinary process of law.

"Wherefore relator prays that a writ of mandamus issue herein ordering and commanding said Louisiana Bar Association to act upon relator's application for membership or to show cause to the contrary on a day to be fixed by this honorable court."

The judge a quo ordered the alternative writ to issue as prayed for.

Robert J. Maloney, one of the members of the association, intervened in the proceedings, alleging that he had indorsed the application of relator and had an interest in seeing him elected to membership in the association. Intervener joined relator in his application for a mandamus, and adopted the allegations and prayer of his petition.

Defendant, through its president, filed its exception and answer to both petitions, and pleaded cause as against same as follows, to wit:

"1st. That said petitions set forth no legal cause nor right of action.

"2d. That an application by relator for membership in due form was received by the secretary and duly transmitted to the membership committee, and same has not been favorably reported by said committee, but, on the contrary, the same was unfavorably reported in accordance with its charter annexed hereto and made part hereof."

The facts stated in the foregoing answer or return were verified by the oath of the president of the association.

The suit was tried on the merits, and there was judgment in favor of the defendant denying the writ and dismissing the intervention, with costs. Relator and intervener have appealed.

The district judge handed down a written opinion in which he sets forth the rules governing the election of members of the association, and states that the evidence showed that the "secret committee on membership" had unanimously reported against relator's application, and that such report, under the laws of the association, was a rejection of his application for membership.

The judge, having reached this conclusion, held, logically, that, the association having acted in the form prescribed by its laws, relator had no right to the writ of mandamus.

This finding of facts is sustained by the evidence. The "secret committee of five on membership" considered relator's application, and reported adversely thereon. This report was in the form of a confidential ver-

bal communication to the president. The charter does not provide for an appeal from such a report. Under article 6 of defendant's charter, if the application for membership is favorably considered by the committee, it is made its duty to post the name of the person "thus elected" in the library. If no objections be made in ten days, the person thus proposed will be duly elected. Five objections are fatal to the application. Where there are less than five, the objections are referred to the committee for consideration and determination. Hence the power of election is vested in the committee, subject to the right of any five members to veto the application.

Relator offered evidence in the court a qua to prove that the secret committee never did meet and never did act as a committee upon the application of relator, but that the unanimous report, so called, was nothing more than the individual expression of the members of the committee given at random. This evidence was properly ruled out. Under the charter the membership and proceedings of this committee are secret. Article 5 provides that it shall be the duty of the president to preside at all the meetings of the committees of the association. The composition of the committee being secret, the president is necessarily its mouthpiece as well as presiding officer. Hence his report of the action of the committee on membership is the report of that committee. To permit relator to inquire into the membership of the committee, its meetings, deliberations, and actions, would be violative of the provisions of the charter.

In passing on applications for membership the members of the committee discharge a delicate duty, and when an application is not approved a confidential report to that effect is made to the president of the association. Consideration for the unsuccessful applicant forbids that his rejection should be made the subject of a formal report to the association.

The Louisiana Bar Association is a private corporation, and as no public duties are imposed upon it by its act of voluntary incorporation it cannot be considered as a quasi public corporation.

The right to share in the advantages of the association is limited to the persons therein named and those who may become members according to the provisions of the charter.

The choice of associates is left to the incorporators. The intention to benefit the incorporators, the profession, and the administration of public justice does not make the association quasi public. Hence the question of membership must be left to the determination of the association, under its own rules and regulations. People v. Association, 41 Hun, 439.

Courts have no jurisdiction to compel the admission of a person, not elected according to its rules and by-laws, to membership in a voluntary association, and courts do not exercise visitorial powers over such associations or their proceedings, except to prevent the violation of some law of the state or to protect or enforce some right already acquired. Mayer v. Association, 47 N. J. Eq. 519, 20 Atl. 492.

It appearing from the evidence that the committee on membership has acted on relator's application, the court has no power to interfere.

The association itself must determine all questions of the regularity or irregularity of such action.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, appellants to pay costs of appeal.

See concurring opinion of PROVOSTY, J., 36 South. 241.