———————o———————

No. 6184.

## CYPRIAN A. SPORL vs. SOUTHERN YACHT CLUB.

### Syllabus.

The charter and by-laws of a club are the law between the club and its members, and their rights between themselves are to be determined by them. The by-laws of the defendant club provide that the race committee should have charge of the races, and should decide all questions that may arise in sailing races, and should have power to order any race to be resailed at its discretion, and should have full charge of all matters pertaining to the awarding of prizes, and should

decide all questions arising in any race. Under these by-laws the race committee as a whole was alone authorized to decide upon the winner of a race, and no single member alone had said right. The decision of the committee rendered in accordance with the by-laws ordering a resail of the race, for reasons sufficient to itself, and its decision that a certain yacht won the race, is final and binding upon the members contesting in the race.

The decision of the committee cannot be reviewed by any other body, not even by the Courts, in the absence of a charge of fraud or of glaring injustice. The race committee was the tribunal selected by the parties and its decision was not subject to appeal.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 106,090. Honorable T. C. W. Ellis, Judge.

Dart, Kernan & Dart, for plaintiff and appellant.

S. Parkerson, L. A. Morphy, attorneys for Southern Yacht Club.

W. McL. Fayssoux, for intervenor.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This suit was filed on the morning of October 18th, 1913.

Petitioner avers that he is the owner of the yacht "Wendy" and a member of the Southern Yacht Club; that he entered his boat in a race held under the auspices of the Southern Yacht Club on October 4th, 1913, for a cup known as "Coleman E. Adler" cup; that said race was run and petitioner's boat was declared the winner by a committee of judges selected by the yacht club and awarded the cup aforesaid; that after the race was over

and after the prize had been awarded, the Regatta Committee of the club, without a hearing from petitioner, declared the race null and void, and ordered it to be rerun on October 18th, 1913; that inasmuch as petitioner was the winner of the race on October 4th, and was officially declared the winner of the Adler Cup, that said committee was without power to set aside said award and to order another race for said cup which had become his property; he prayed for an injunction restraining the Southern Yacht Club from awarding said cup to any contestant in any race, and that he be declared the winner and owner of said cup.

The race was run again on October 18th, but plaintiff did not participate.

Percy S. Benedict intervened and alleged that he had entered the race of the 18th, and that he had been declared the winner of the race of that day, and he prayed to be declared the successful contestant for the cup and that the Southern Yacht Club be ordered to deliver the same to him according to the rules of the club.

The Southern Yacht Club denied that the plaintiff's boat was declared the winner of the race of October 4th, and awarded the cup; but averred that the chairman of the Regatta Committee alone said that plaintiff had won the race; but that owing to some uncertainty and misunderstanding as to the rules to govern the race, the Regatta Committee had ordered the race run over again on October 18th; that on that day the race was run again and was won by the boat "Violet" owned by Percy S. Benedict, intervenor.

The racing rules of the club provide:

1. The Race Committee shall consist of three members appointed by the Commodore;

2. They shall make all arrangements for all races sailed under the auspices of the club; they shall decide all questions that arise in sailing such races;

3. They shall have power to postpone any race or order it to be resailed should either of these courses be necessary; they shall notify all owners of winning yachts, and they shall have full charge of all matters pertaining to the awarding of prizes.

4. The race committee shall have charge of the races and shall discourage all attempts to win a race by means other than fair sailing, superior speed, and skill; they shall decide on the prize winners as soon as possible after the conclusion of the race, and shall post their decision in the club house as soon as made.

9. "The race committee at its discretion may order a re-sail of any class."

63. All questions arising in any race, not covered by these rules shall be decided by the Race Committee.

Plaintiff's allegation that his boat was declared the winner by a committee of judges selected by the club and awarded the cup is not borne out by the evidence. Of course the only committee that was authorized to make such finding and pronouncement was the race committee above mentioned.

Holmes Harrison, chairman of the regatta committee, testifies that there was no winner declared by the committee; that the committee formulated a notice asking the contestants to re-sail the race on October 18th, (p. 12-13) for reasons stated, which document is pasted in the record of the races for the Southern Yacht Club; the Violet was declared the winner of the race of the 18th; he told Mr. Sporl he had won the race of the 4th.

This testimony is not contradicted. It thus appears that the race committee took no action in the matter, until its first sitting after the race, when it ordered the resail of it. This the committee had a right to do under the several sections of the racing rules quoted above. Rule 9. It does not seem that its discretion was arbitrary or without grounds. Certainly no fraud is charged against the committee.

The rule of law is that Courts will not override the action of private corporations which have acted according to their charter or by-laws.

> 80 Ill., 134; 86 Id., 440; 83 Id., 146; High Ext. Rem., p. 206; 3 N. W. Rep., 760, 765; 9 Am. Rep., 544; 15 Id., 24; 3 Ohio Dig., 423; 2 Wharton (Pa.), 309; 14 Otto, 45; 9 Wall, 73; 25 Am. & Eng. Enc. Law, pp. 1143-7; 7 Cyc., 263, Note 39; Cooley on Torts, p. 472.

The by-laws were the law between a member and the club.

> State ex rel. Cotonio vs. La. Bar Ass'n., 111 La., 967.

"The plaintiff had agreed when he became a member of the organization to respond to charges brought in a particular manner and that the company would pass upon the accusation. It was a tribunal of his own selection. The expulsion was in the nature of an award by a tribunal selected by the parties."

> Durel vs. Fire Co. L., 47 A., 1101 (1107); 43 A., 1136; State ex rel. Curtis vs. Stevedores Ben. Ass'n., 43 A., 1098, and authorities quoted in defendant's brief therein; 41 A., 1022; 31 A., 205; 28 A., 421; 17 A., 127.

The judgment of the District Court against the plaintiff is affirmed. But the Court went further, and de-

creed Percy S. Benedict the winner of the second race. This was in accordance with defendant's admission.

It is therefore ordered that the judgment of the lower Court be affirmed at cost of appellant.

Judgment affirmed.

Opinion and decree, October 26th, 1914.