## DICKS–DAVID CO. v. EDWARD MAURER CO.

(District Court, D. New Jersey. March 15, 1922.)

1. Removal of causes ⊙=114—Denial of rule to discharge attachment, etc., before removal, does not prevent such relief after removal.

The denial before removal of a cause from the state court of a rule to show cause why a writ of attachment should not be quashed, why testimony should not be taken on the return thereof, and why the defendant should not have a bill of particulars to be used on the hearing, does not, under Judicial Code, §§ 36, 38 (Comp. St. §§ 1018, 1020), relative to proceedings after removal, prevent the granting of such relief after removal, as the District Court has the same power that the state court would have had to set aside or modify the order made.

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Attachment ⊜⟶105—Affidavit alleging that defendant owes plaintiff specified sum held to satisfy statute.**

An affidavit for an attachment, alleging that defendant "owes" plaintiff a specified sum, satisfies 1 Comp. St. N. J. 1910, p. 133, § 1, requiring an affidavit that the debtor owes to plaintiff a debt specifying as nearly as practicable the amount thereof.

**3. Attachment ⊜⟶8—Not authorized for unliquidated damages.**

To sustain an attachment issued under the New Jersey statute, the cause of action must be for an indebtedness in a fixed and certain sum, and not for unliquidated damages.

**4. Attachment ⊜⟶249—Not quashed on ex parte affidavits, but rule to show cause may be obtained under which testimony may be taken.**

Where the affidavit on which the writ is issued complies with the statute, the writ will not be quashed on ex parte affidavits showing that the claim is unliquidated; but a rule to show cause may be obtained on such affidavits, under which testimony may be taken to determine in advance of the trial the character of the cause of action.

**5. Attachment ⊜⟶249—Defendant's affidavit held to warrant taking of testimony in support of rule to discharge.**

An affidavit on behalf of defendant, showing that the action was brought for damages for breach of a contract of sale, consisting of the buyer's refusal to accept further deliveries, *held* sufficient to warrant the taking of testimony under a rule to show cause why the attachment should not be quashed, for the purpose of determining whether the claim was unliquidated.

**6. Attachment ⊜⟶249—Where affidavits show claim unliquidated, opposing affidavits do not defeat the rule for taking of testimony and discharge of attachment.**

Where the affidavits in support of a rule to show cause why an attachment should not be quashed, and why testimony should not be taken in support thereof, tend to show that the claim was unliquidated, opposing affidavits will not avail to defeat the issuing of the rule.

**7. Attachment ⊜⟶249—Defendant entitled to bill of particulars on its rule to take testimony and discharge attachment on ground claim is unliquidated.**

On a rule to show cause why an attachment should not be quashed on the ground that the claim was unliquidated, and why testimony should not be taken, and a bill of particulars required in support of the rule, defendant *held* entitled to a bill of particulars according it full information as to the nature of the alleged cause of action.

At Law. Action by the Dicks-David Company against the Edward Maurer Company, begun in the state court and removed to the United States District Court. On motion by defendant to quash writ, etc. Rule to show cause and order for bill of particulars granted.

Pitney, Hardin & Skinner, of Newark, N. J., for plaintiff.
Coult & Smith, of Newark, N. J., for defendant.

RELLSTAB, District Judge. This suit—in attachment—was begun in the New Jersey Supreme Court, and removed here by the defendant, a citizen of the state of New York, on the ground that the controversy was wholly between citizens of different states. After the removal, the defendant, on special appearance in this court, obtained leave to apply for a rule requiring the plaintiff to show cause why the writ of attachment issued out of the state court should not be quashed, and the lien thereof discharged; why, pending the hearing on the rule, it should not be permitted to take testimony to be considered on the return thereof; and why an order should not be made, directing the

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff to give the defendant a bill of particulars, to be used on the hearing of the rule. Identical motions on like appearance were made in the cause while it was pending in the state court, and there denied.

[1] The plaintiff concedes that the cause was properly removed into this court. It opposes the application, and contends that the entire subject-matter of the present rule was finally disposed of by the state court, and that the defendant is precluded from raising it here. The Judicial Code provides that—

"Sec. 36. When any suit shall be removed from a state court to a District Court of the United States, * * * all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed."

"Sec. 38. The District Court * * * shall * * * proceed therein as if the suit had been originally commenced in said District Court, and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal."

1 U. S. Comp. Stat. Ann. §§ 1018 and 1020, pp. 1027 and 1075.

These provisions are intended to give the District Court complete control over interlocutory orders made and proceedings had in the cause before removal, and, by necessary implication, to authorize the setting aside or modification of orders made by the state court. If the cause had continued before the state court it could have set aside or modified the orders in question, and what it could have done may be done by the District Court on a rehearing, if the facts warrant such a course. Indeed, upon the District Court's assuming jurisdiction of the suit, it must have a free hand to dispose of all phases of the controversy. Ex parte Fisk, 113 U. S. 713, 725, 5 Sup. Ct. 724, 28 L. Ed. 1117; Remington v. Central Pacific R. Co., 198 U. S. 95, 99, 25 Sup. Ct. 577, 49 L. Ed. 959; Perry v. Sharpe (C. C.) 8 Fed. 15, 24; Bryant v. Thompson (C. C.) 27 Fed. 881; Flint v. Coffin (C. C. A. 4), 176 F. 872. 100 C. C. A. 342 (certiorari denied 219 U. S. 589, 31 Sup. Ct. 472, 55 L. Ed. 348); Mannington v. Hocking Valley Ry. Co. (C. C.) 183 Fed. 133, 141, 142; Buxton v. Pennsylvania Lumber Co. (D. C.) 221 Fed. 718, 723.

Of the cases cited by the plaintiff in support of a contrary view, those of Duncan v. Gegan, 101 U. S. 810, 25 L. Ed. 875, and King v. Worthington, 104 U. S. 44, 26 L. Ed. 652, are not pertinent. In the Duncan Case there had been a final determination of the controversy on appeal to the state Supreme Court, and the removing party was held to be concluded by such judgment. The King Case merely reiterated the correctness of such decision.

In Hoyt v. Ogden Portland Cement Co. (C. C.) 185 Fed. 889, the decision was controlled by the defendant's entering a general appearance in the state court after his motion to set aside the summons was denied by that court. In Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 615, failure to obtain the leave of court to renew the motion seemingly influenced the decision. However, in my judgment, to the extent that these two last-mentioned cases may be said to be authorities for denying the right of the federal court to hear motions relating to the issuing and serving of original process where like motions were denied by the state court, they, as well as Bragdon v. Perkins-Campbell Co. (C. C.)

82 Fed. 338, and Guernsey v. Cross (C. C.) 153 Fed. 827, which un-qualifiedly denied such right, are too restrictive of the District Court's power over the interlocutory orders made by the state court in causes subsequently removed into the District Court.

*Shall the writ be quashed?* It was issued against the defendant as a nonresident. The New Jersey statute authorizes the attaching of property of a debtor:

"(2) Where the plaintiff, his agent or attorney, shall make affidavit that the debtor is not to deponent's knowledge or belief resident in this state at the time, and that he owes to the plaintiff a debt, specifying as nearly as practicable, the amount thereof. * * *" 1 Comp. Stat. N. J., p. 133.

[2] The writ is attacked on two grounds:

First. *As to the alleged invalidity appearing on the face of the affidavit upon which the writ issued:* The suggested defect is that it fails to allege that "there was a debt due and owing from the defendant to the plaintiff." It alleges "that said Edward Maurer Co., Inc., owes to the said Dicks-David Company the sum of $250,866." This is the legal equivalent of saying that the defendant was a "debtor," and that it owed the plaintiff "a debt," and satisfies the statutory requirement that the affidavit show that the debtor "owes to the plaintiff a debt."

[3, 4] Second. *That the plaintiff's cause of action is unliquidated.* To sustain the attachment issued under the New Jersey statute the cause of action must be "for an indebtedness in a fixed and certain sum, and not for unliquidated damages." Goldmark v. Magnolia Metal Co., 65 N. J. Law, 341, 343, 47 Atl. 720; Jeffery v. Wooley, 10 N. J. Law, 123, 124. There is nothing in the statutory affidavit that suggests that the claim is unliquidated. In fact, as noted, the assertion quoted from the affidavit is to the contrary. In support of this contention, the defendant relies upon the affidavit of Edward Maurer, the president of the defendant. Where the statutory affidavit complies with the statute, while it is not conclusive, the writ based thereon should not be quashed on ex parte affidavits. However, a rule to show cause may be obtained on such affidavits, under which testimony may be taken to determine in advance of the trial the character of the cause of action in support of a motion to quash. Baldwin v. Flagg, 43 N. J. Law, 495; Gilson v. Appleby, 80 N. J. Law, 542, and cases cited on page 545, 77 Atl. 1084.

[5, 6] The Maurer affidavit discloses a contract whereby plaintiff agreed to sell to the defendant, and the latter agreed to buy from the former, 800,000 pounds of synthetic indigo, of a stated quality and at a specified price, etc.; that a part of such merchandise was delivered and paid for; that the defendant refused to accept or pay for the remainder; that the plaintiff's action—the one drawn into question on these motions—is for an alleged breach of such contract; that the amount claimed, viz. $250,866, is the price which was to be paid for the merchandise which the defendant refused to accept; that the plaintiff failed to perform its part of the agreement in respect to the quantity, quality, packing for shipment, and periods of delivery of the merchandise; and that such failure justified the defendant's refusal to accept any more of the goods. There is more in this affidavit, but the

foregoing summary of a part carries the suggestion that, if defendant is liable for its refusal to accept further deliveries, the amount recoverable is in its nature unliquidated; and it is sufficient, in my judgment, to warrant further inquiry as to the nature or character of the claim in suit. In such circumstances, opposing affidavits, though directly taking issue with the defendant's assertions and contentions, will not avail to defeat the issuing of the rule.

[7] *As to the bill of particulars*: Such a bill will be an aid in determining whether the claim, for the enforcement of which the attachment was issued, is for a debt or unliquidated damages. The plaintiff is using extraordinary means to enforce its alleged cause of action. To seize and hold the alleged debtor's property in advance of a hearing on the merits is a drastic procedure, and attended with hardship to the owner. The plaintiff may be entitled to such a method to enforce its claim, or in its endeavor to secure the general appearance of the defendant in the suit; but the latter should be accorded full information of the nature of the alleged cause of action against it, before it is required to determine whether it will submit itself to the jurisdiction of the court. Shadduck v. Marsh, 21 N. J. Law, 434.

The rule to show cause, with the privilege of taking depositions thereunder, in accordance with the New Jersey Practice Act (Comp. Stat. N. J. 1911–1915, p. 1231, rule 191 et seq.), to be used on the hearing, and the order for a bill of particulars, are granted.