SAVOY, Judge.
This is a mandamus suit brought by six plaintiffs praying that the court direct defendant corporation and its directors and officers to conduct an annual meeting in accordance with the articles of incorporation; and directing the officials of the corporation to issue them certificates of membership in the corporation.
Defendants answered the petition alleging that plaintiffs held only hunting permits and were not members of the defendant corporation since none of them had been admitted to membership in said club by the directors as required by the articles of incorporation.
After a trial on the merits the district court rendered judgment in favor of plaintiffs and against defendants as prayed for ordering defendant officials to call a meeting within thirty days from the finality of the judgment and also to issue to *645 plaintiffs membership certificates within thirty days from the finality of said judgment. Defendants have appealed.
The legal question for determination is whether plaintiffs are members of the defendant corporation.
The defendant corporation was organized as a non-profit organization for the purpose of hunting, fishing and similar activities. Article VIII of the charter provides that there shall be one class of membership. Members may be elected by a majority vote of the Board of Directors, or as provided in the bylaws. Article IX provides for membership dues.
The directors prepared written bylaws. The bylaws apparently provide for two classes of membership; one for hunting and the other for cattlemen who, in addition to hunting, are allowed grazing and fishing rights. This type of membership is specifically provided for in the bylaws. The hunting rights are designated as Hunting Permit Charges. Both classes have an initial fee of $125.00. Those granted hunting privileges must pay annual dues of $25.00, whereas the cattlemen are required to pay $10.00 tax pledge per year.
In a letter written and mailed to plaintiffs dated November 17, 1967, defendant president addressed the plaintiffs as “Dear Member”. The form letter stated there were eighty members as of November 17, 1967.
In the district court and on appeal counsel for defendants contends that there are only seven members in the corporation, namely, the incorporators.
The bylaws are ambiguous as to who are members. Since they were prepared by defendants, any ambiguity will be construed against the defendant corporation and its officers.
We agree with the trial judge that plaintiffs are members of the defendant corporation. The president of the defendant corporation considered them members, and they are entitled to the relief prayed for. Plaintiffs paid the prescribed $125.00 called for in the bylaws, and also paid the annual dues of $25.00.
The case of State ex rel. Cotonio v. Louisiana Bar Association, 111 La. 967, 36 So. 50, cited by counsel for defendants in support of his position, is distinguishable from the instant case. There an attorney applied to be admitted to the Louisiana Bar Association. Article Six of the defendant’s charter provided that if a committee of members of the defendant association objected to a prospective member’s entrance to the association, he would be denied membership. If they approved, he would then be entitled to membership. The finding of the committee was final. Plaintiff filed a petition against defendant praying for a writ of mandamus seeking to have the membership pass on his application. The district court rejected his demands. The judgment was affirmed by our State Supreme Court. The appellate court stated that defendant was a private corporation and all questions of membership must be left to the determination of the membership under its own rules and regulations. In that case the articles were specific and stated that application for membership had to be approved by the committee. The approval was not forthcoming.
In the instant case the bylaws are ambiguous. Plaintiffs had paid the sum required for membership initially and also that required for annual dues. The presiding officer considered plaintiffs members. So did the trial judge. We cannot say that the ruling was erroneous.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.