## Silfies v. Tashner

*W. B. Joachim, Jr.*, for plaintiff.
*Gene Roscioli*, for defendants.

FRANCIOSA, *J.*, December 21, 1979—At issue in this case is the validity of the election of Ronald F. Silfies to the presidency of the Klecknersville Ranger Volunteer Fire Company.

The largely undisputed facts* can be presented by way of a brief summary. In 1972, Mr. Silfies became an active member of the Fire Company. During the entire period of his membership, he had resided in Chapman Borough. It is agreed that Chapman Borough is served by the Fire Company. An election was held on December 28, 1978, at which Mr. Silfies received 35 of the 67 votes cast; the remaining 32 votes went to defendant Tashner, the incumbent. Although Mr. Silfies was the announced winner, the outcome of the election has been nullified by the holding over of Mr. Tashner as president. The office has been denied to Mr. Silfies on the ground of his residency outside of Moore Township.

Active membership in the Fire Company has a broader base than the eligibility to hold office. The pertinent sections of the constitution and bylaws read as follows:

## CONSTITUTION:

Article III-Section 1. "Any male citizen, 18 years of age or older, is eligible to apply for membership in this company, provided this person is a resident of Moore Township or adjacent territory normally served by this Company."

Article IV-Section 6. "Active members with two years or more continuous membership in the com-

---

*Nearly all of the evidence has been offered by stipulation. The only hearing testimony deals with the theory of estoppel. It appears that Mr. Silfies served as treasurer while a non-resident. In addition, another member remained in office after he moved out of Moore Township. Under the doctrine of estoppel, a corporation may be prevented from availing itself of the full force and effect of a particular bylaw as against a member. See 8 Fletcher Cyc. Corp. §4201 (Perm. Ed.) In light of the conclusions expressed in this opinion, we do not reach the question of estoppel.

pany shall be eligible to be nominated for office in the Company."

BYLAWS:

Article V-Section 2. "An active member moving outside of Moore Township shall retain his status as an active member insofar as voting is concerned, but may not hold any elective office."

Plaintiff asserts that the bylaw is invalid because it conflicts with the constitution. He also demands a literal interpretation of the bylaw by asking us to find that it applies to a member moving outside of Moore Township, but not to him because he has always lived in Chapman Borough and "has not moved at all." His first contention is without merit. In Pennsylvania, a very old case remains unchallenged as authority for the proposition that a bylaw is valid even though it may conflict with the corporate constitution. See Booz's Appeal, 109 Pa. 592, 1 Atl. 36 (1885). His second claim is frivolous. Bylaws should be given a reasonable construction. Obviously, the practical construction of this bylaw establishes that it was adopted for the purpose of restricting eligibility for office to members residing in Moore Township.

Nonetheless, we cannot accept the position taken by defendants, namely, that the privilege of holding office may be withheld from certain active members solely on the basis of a residency provision with narrower geographic limits than those applicable to memberships in general.

Corporate bylaws must not be arbitrary or oppressive in effect: 8 Fletcher Cyc. Corp. §4191 (Perm. Ed.). Thus, when a bylaw operates to the prejudice of the rights of a member, it is unreasonable and invalid. See Com. ex rel. v. Union League of Phila., 135 Pa. 301, 19 Atl. 1030 (1890). Natu-

rally, a court should not substitute its judgment for the judgment of those who are authorized to adopt bylaws: Stewart v. Monongahela Valley Country Club, 177 Pa. Superior Ct. 632, 112 A. 2d 444 (1955). However, the enforcement of a bylaw which involves the forfeiture of a privilege of membership must be construed in favor of the individual member and against the corporation: Palermo v. Old Tram Hunting Club, 227 So. 2d 644 (La. App. 1969).

Moreover, the bylaw in question has the effect of creating different classes of members and giving active members from Moore Township greater authority and control over the affairs of the Fire Company than another class of active members living in the service area, but outside of Moore Township. As a rule, bylaws with this effect are declared to be against public policy in that primary consideration should be given to the need for the interest of each member to be equal to that of every other member. See Howe v. Washington Land Yacht Harbor, Inc., 77 Wash. 2d 73, 459 P. 2d 798 (1969).

We fail to see how the bylaw restricting the right to hold office to members from Moore Township can in any manner promote the welfare of the corpoartion. If there is a difference between Moore Township and other areas served by the Fire Company, it has not come to our attention.

Wherefore, we enter the following

## ORDER

And now, December 21, 1979, we enter a verdict in favor of plaintiff.

Accordingly, it is ordered, adjudged and decreed as follows:

164

1. The bylaw set forth in Article V, Sec. 2 is invalid.

2. Defendant, Tasher, shall be ousted from the office of President of the Klecknersville Ranger Volunteer Fire Company for the term covered by the election held on December 28, 1978.

3. Plaintiff, Silfies, is declared to be the duly elected president for the term covered by the election of December 28, 1978.

Unless exceptions are filed within ten days, this order shall become a final judgment.