## DUNCAN *v.* GEGAN.

1. The proceedings had in a cause are not vacated by its removal from a State court to the Circuit Court.
2. Where the relative priority of certain mortgages had been determined on appeal by the Supreme Court of the State, and on the return of the mandate to the court of original jurisdiction the fund derived from the judicial sale of the property covered by them was distributed pursuant to the judgment, — *Held*, that the Circuit Court, the cause having been thereto removed, properly ruled that the parties, as to the rights litigated and disposed of, were concluded by the judgment.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

Elam Bowman executed, Feb. 2, 1855, a mortgage in favor of Stephen Duncan on Waver Tree plantation, consisting of three thousand four hundred acres of land in the parish of Tensas, La., his wife intervening in the act, and renouncing her rights of tacit mortgage in favor of Duncan.   It was inscribed in the

recorder's office of that parish Feb. 3, 1855, and reinscribed Sept. 13, 1865.

Bowman executed, Jan. 10, 1861, another mortgage on one thousand nine hundred and twenty acres of that land in favor of Shaw, tutor of Gegan. It was inscribed on that day. Mrs. Bowman did not renounce in favor of this mortgage.

Mrs. Bowman obtained judgment, May 18, 1866, against her husband for $13,278.42 and interest, with recognition of her legal and tacit mortgage upon all of his property, to date and rank from the years 1840 and 1845, for $9,325, and from Jan. 1, 1862, for $3,953.25.

Duncan brought, Dec. 26, 1865, suit upon his mortgage notes in the District Court for that parish, and obtained judgment May 19, 1866, with recognition of his mortgage.

Duncan and Mrs. Bowman, on their respective judgments, took out executions, and caused the property to be seized and advertised for sale April 3, 1869.

On the day upon which the sales were to take place, Gegan, who had then attained his majority, brought suit, in that court, to determine the rank of the mortgages, making Duncan and Mrs. Bowman parties defendant. In his petition he alleged that by reason of Duncan's failure to reinscribe his mortgage within ten years from the time of its first inscription, it was entitled to rank only from the date of its second inscription, while Gegan's mortgage was entitled to rank from the date of its original inscription.

From the judgment, fixing the relative rank of the three mortgages, an appeal was taken to the Supreme Court. It was there held that by reason of Duncan's failure to reinscribe his mortgage within ten years, it ceased to be evidence against Mrs. Bowman of a mortgage upon her husband's property, and that the other mortgage took effect as if that of Duncan had never been executed. His mortgage was therefore postponed to those of Gegan and Mrs. Bowman.

After this mandate was filed in the court of the parish, Gegan and Mrs. Bowman sued out executions, and the property was sold Sept. 3, 1870. The proceeds were paid to Mrs. Bowman, although they were not sufficient to satisfy her mortgage, which the court had determined was entitled to priority.

Duncan filed his petition April 26, 1876, for the removal of the suit to the Circuit Court of the United States. On its removal, he filed his bill in equity against Mrs. Bowman, Gegan, and the purchaser at the sheriff's sale, alleging that Gegan's mortgage was second in rank to his, and Mrs. Bowman's mortgage inoperative, because her judgment against her husband was collusive, fraudulent, null, and void; that the sale made under her mortgage by the sheriff was also void, because the purchaser was the adopted daughter of Mrs. Bowman, and without means; and that the decree of the Supreme Court was void, because the mortgaged property was not under seizure when it was rendered. He prays that his rights under his mortgage be recognized and maintained against Bowman and wife, Gegan, and the purchaser at sheriff's sale; that the sale be set aside, and the property ordered to be sold to pay the debt secured by his mortgage.

The Circuit Court, considering that the validity and relative rank of the respective mortgages had been determined by the Supreme Court, that the property had been sold under the mortgages entitled to precedence, and that the fund arising from the sale was actually distributed and applied in the manner and order of priority required by the judgment of the Supreme Court, dismissed the bill. Duncan appealed here.

*Mr. Robert Mott* and *Mr. Thomas J. Semmes* for the appellant.

*Mr. Henry B. Kelly* and *Mr. Henry L. Lazarus* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The transfer of the suit from the State court to the Circuit Court did not vacate what had been done in the State court previous to the removal. The Circuit Court, when a transfer is effected, takes the case in the condition it was when the State court was deprived of its jurisdiction. The Circuit Court has no more power over what was done before the removal than the State court would have had if the suit had remained there. It takes the case up where the State court left it off.

Before the suit of *Gegan* v. *Bowman and Duncan* was

removed to the Circuit Court, the rank of the appellant's mortgage had been finally settled by the judgment of the Supreme Court of the State on appeal. That was no longer an open question between the parties to that litigation. All the court from which the removal was afterwards made could do was to distribute the proceeds of the sale of the property in accordance with the directions of the Supreme Court. It had no power whatever to change the order of priorities as settled by the appellate court.

The question of the right to make the transfer is not before us. Duncan, who caused the removal to be made, is the only party who complains of the decree below, and he cannot object here to what has been done below by his own procurement. We confess it is not easy to see how a party could swear to his belief, that from prejudice or local influence he could not obtain justice in the State court, when all that court had to do was to divide the proceeds of a sale by paying them out in a certain way, and as to which there was apparently no possible chance of dispute. But still it was so sworn, and the Circuit Court took jurisdiction against the motion of the opposite party. Of that no complaint is now made by the appellees.

It follows, then, that, whether the proceedings which were afterwards had in the Circuit Court at the instance of the appellant were part of the original suit removed from the State court, or a new and distinct suit begun in the Circuit Court by the appellant himself after the removal, the judgment of the Supreme Court of the State on the appeal in the original suit concludes him as to his rights thus litigated and disposed of. As it is apparent that the questions presented by the new pleadings in the Circuit Court are in all respects the same as those settled by the Supreme Court of the State, it follows that the Circuit Court was right in holding that the appellant was concluded by that decree.

*Affirmed.*