SMITH and others *v.* SCHWED and others.

(*Circuit Court, W. D. Missouri, W. D.* ———, 1881.)

1. FEDERAL PRACTICE—REMOVAL—BILL FILED IN STATE COURT—VERIFICATION—INJUNCTION.

   Upon the removal of a cause from a state court, an injunction will not be dissolved upon the ground that the bill filed in such court was not verified according to law and the practice of courts of chancery.

2. EQUITY PLEADING—FRAUDULENT JUDGMENT—INJUNCTION.

   A bill to enjoin the execution of a fraudulent judgment need not aver that the plaintiff in such judgment is insolvent.

3. FEDERAL PRACTICE—REMOVAL—INJUNCTION.

   Upon the removal of a cause, the federal court can maintain an injunction obtained in the state court.—[ED.

In Equity. Motion to dissolve injunction.

It is provided by statute in Missouri that "any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien, or encumbrance of or upon any property attached in any action instituted by him." The cause was removed by the complainants.

*Bryant & Holmes* and *Tichenor & Warner,* for motion.

*Botsford & Williams* and *Scarritt & Riggins, contra.*

McCRARY, C. J. The complainants, who are creditors of the firm of Schwed & Newhouse, merchants in Kansas City, Missouri, filed their bill in the circuit court of Jackson county, Missouri, praying that a certain judgment confessed by said Schwed & Newhouse in that court in favor of one H. Heller, of Philadelphia, Pennsylvania, for $9,572, rendered on the twenty-sixth day of January, 1880, be cancelled and set aside.

The bill charges that the said judgment was fraudulent, and was confessed for the purpose and with intent to defraud, hinder, and delay the *bona fide* creditors of Schwed & Newhouse, who were not indebted to said Heller in said sum of $9,500, or any other sum, at the time of the fraudulent confession, but that said judgment was confessed without any consideration, and for the purpose aforesaid.

It is further alleged that execution has been issued upon

said judgment and levied upon the only property of said Schwed & Newhouse within the state of Missouri, to-wit, a stock of watches and jewelry, and that attachments in favor of plaintiffs have been levied upon the same property. After the filing of the bill in the state court, and after all the defendants had appeared, a motion for a temporary injunction to restrain the execution of said judgment was heard by that court, and an injunction allowed to remain in force until a final hearing of the cause. Afterwards the cause was removed to this court. The defendants here move to dissolve the injunction granted by the state court upon grounds which will now be considered.

1. It is said that the bill is not verified according to law and the practice of courts of chancery. It is to be presumed that all questions relating to the form and sufficiency of the bill, and of the verification thereof, were considered and decided by the state court upon the hearing before that tribunal of the motion for an injunction, and that the affidavit was held to be good and sufficient under the state law. Whether that ruling was correct or not I will not inquire, because this court is not called upon to review the orders and ruling made by the state court in the progress of the cause before the removal. In the case of *Dungan* v. *Gegan*, 101 U. S. 810, the supreme court, by *Waite*, C. J., laid down the rule upon this subject as follows: "The transfer of the suit from the state court to the circuit court did not vacate what had been done in the state court previous to the removal. The circuit court, when a transfer is effected, takes the case in the condition it was when the state court was deprived of its jurisdiction. The circuit court has no more power over what was done before the removal than the state court would have had if the suit had remained there. It takes the case up where the state court left it off." In view of this authority, I am disposed to consider the question of the sufficiency of the verification of the bill as disposed of by the action of the state court. No doubt this court may, upon proper showing, in a case removed, vacate or modify an injunction allowed in the case by the state court, and before removal; but such

an order should not be made as the result of the reconsideration of any question of pleadings or practice decided by the state court before it was deprived of jurisdiction.*

2. It is insisted that the injunction should be dissolved because there is no allegation that Heller, the plaintiff in the confessed judgment, is insolvent. It is said that, if he be solvent, the complainants herein have an adequate remedy at law in case he enforces his judgment, and thereby deprives them of the means of collecting their claims against Schwed & Newhouse. The complainants have a lien by attachment upon certain property, and they aver that, by means of a fraudulent judgment, the defendant Heller and Schwed & Newhouse have conspired together to take said property, thereby depriving complainants of the means of enforcing their liens. If these allegations be true, the complainants are entitled to the relief sought without alleging the insolvency of Heller. They have the right to hold their liens upon the property of their debtor, and to enforce the same as against any fraudulent claims or liens attempted to be set up by third parties, whether such third parties are solvent or insolvent. They are not bound to submit to the enforcement of a fraudulent and void judgment against said property, and the defeat thereby of their attachment liens upon it, even though such judgment may be held by a person who is able to respond in damages. The holder of a fraudulent and void judgment cannot be permitted to enforce it on the ground that he may be afterwards sued at law, and a judgment for damages recovered and enforced against him. If the judgment was obtained by collusion, and for the purpose of defrauding complainants, an injunction to restrain its execution is the proper remedy, (High on Injunction, § 118; *Green* v. *Haskell,* 5 R. I. 449; *Oakley* v. *Young,* 2 Halst. Ch. 453;) and I am of the opinion that in such a case the bill need not aver the insolvency of the plaintiff on the fraudulent judgment. To allow the execution of such a judgment as against innocent third parties, remitting them to their action for damages afterwards, would not be to afford them a plain, speedy,

*See *City of Portland* v. *Oregonian Ry. Co., ante,* 321.

and adequate remedy. The jurisdiction in equity arises in all such cases upon a proper allegation of fraud. If it were necessary to aver and prove insolvency as well as fraud, the jurisdiction would be defeated in very many cases.

3. It is insisted that this court cannot maintain the injunction because it stays proceedings in a state court. Section 720 of the Revised Statutes of the United States provides that "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The ready answer to this proposition is that the court is not asked to grant an injunction to stay proceedings upon the judgment in the state court, but only to continue in force an injunction allowed by the state court before the removal of the cause. Jurisdiction for this purpose is plainly given by the fourth section of the act of congress of March 3, 1875, which provides "that when any suit shall be removed from a state court to a circuit court of the United States, * * * all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be so removed." If the removal act did not contain this provision, I think it would be implied from necessity. In all cases where a removal is authorized, the federal court must be empowered by necessary implication, if not by the express words of the statute, to take the case and carry it on to find judgment and execution. If this were not so, the effect of a removal might be to deprive a party of his remedy in the state court, and to give him none in the federal court.

The motion to dissolve the injunction is overruled.

NOTE. See *Diggs* v. *Walcott*, 4 Cranch, 179.