LOOMIS *v.* CARRINGTON.

*(Circuit Court, E. D. Michigan.   October 15, 1883.)*

1. REMOVAL OF CAUSE—REVIEW OF ORDER OF STATE COURT.
　　In cases removed from a state court the circuit court will not review orders made prior to the removal, if the state court acted within its jurisdiction.   It will take the case precisely as it finds it, accepting all prior decrees and orders as adjudications in the cause.

2. SAME—GARNISHMENT.
　　Hence, where the judgment of a federal court had been garnished and the state court had made an order upholding the proceeding, the circuit court declined to review the propriety of this order.   It seems, however, that the court whose judgment was thus garnished might properly disregard the writ.

On Motion to Discharge Garnishee.

This action was originally begun in the circuit court for the county of Monroe by a writ of attachment against the property of the defendant, Carrington, who resides in New York city.   Upon the same day a writ of garnishment was issued, pursuant to Comp. Laws, §§ 6494 and 6495, addressed to the West Virginia Oil & Oil Land

Company, a Michigan corporation, requiring such company to disclose its liability, if any existed, to the principal defendant. In compliance with the statute a copy of these papers was served upon the defendant at his office in New York city. The garnishee thereupon filed its disclosure, admitting its indebtedness to the principal defendant in the sum of $45,422, upon a judgment in his favor in the circuit court of the United States for the district of West Virginia. Shortly thereafter, Carrington, the principal defendant, appeared specially, and moved to dismiss the writ of garnishment, upon the ground that the court had no power to garnish the proceeds of a judgment rendered in the federal court of another state. This motion was argued and denied. Thereupon Carrington entered a general appearance, removed the case to this court, and made this motion to discharge the garnishee for the same reason that he had moved the state court to dismiss the writ of garnishment.

*Mr. Critchett,* for the motion. *Mr. Ronan,* for plaintiff.

BROWN, J. This is practically the same motion which was made in the state court. The difference is one of form merely. Both seek under a different name to determine the liability of the garnishee upon a foreign judgment. The state court held, upon motion to dismiss, that the judgment could be garnished. We have serious doubt of the correctness of this ruling. We have always understood that a judgment of a federal court could not be garnished by the process of a state court, and such, we think, is the great preponderance of authority. See *Henry* v. *Gold Park Mining Co.* 15 FED. REP. 649, and cases cited; *Thomas* v. *Wooldridge,* 2 Woods, 667.

The courts of some states have gone so far as to hold that no judgment debtor can be garnished at all; but our statute (Comp. Laws, § 6466) expressly permits this. But it was for the state court to decide upon the question of the garnishee's liability. The affidavit in garnishment was in the ordinary form, regular upon its face, and gave the court jurisdiction to issue the writ. Having thus acquired jurisdiction of the cause, it was for that court to say whether the garnishee had disclosed a liability to the principal defendant. It made an order practically affirming such liability. Comity demands that the order of a court of similar and co-ordinate jurisdiction should be respected by us.

The case, in this particular, is not unlike that of *Ex parte Gordon,* 104 U. S. 516. This was an application for a writ of prohibition to restrain an admiralty court from taking jurisdiction of a libel to recover damages for the death of certain persons in consequence of a collision. It was held that, as the court had jurisdiction of collision cases, it followed that it also had jurisdiction to hear and decide what liabilities the vessel had incurred thereby. So, in the case of *The Charkieh,* L. R. 8 Q. B. 197, cited in this opinion, the question arose whether the court of admiralty had jurisdiction over the property of a foreign sovereign. Lord COCKBURN, in delivering the opinion of the

Queen's Bench upon an application for a prohibition against the suit, held that the question whether a vessel of a foreign potentate was entitled to the immunity which ships of war, and ships used for the purposes of government, enjoy, was one peculiarly within the province of the court of admiralty to decide: "If it entertains the suit, there is an appeal to the judicial committee of the privy council,—a court of highest authority." So, in the case of *Ex parte Parks,* 93 U. S. 18, it was held, upon application for a writ of *habeas corpus,* that the question whether an indictment set forth a crime against the laws of the United States was one within the jurisdiction of the district court, and that its decision was not subject to review except upon writ of error. See, also, *Galpin* v. *Page,* 18 Wall. 350; *Castrique* v. *Imrie,* L. R. 4 H. L. 427.

The rule is believed to be well established that in all cases of removals from state courts this court will not act as a court of errors, but will take the case precisely as it finds it, accepting all its decrees and orders as adjudications in the cause. A motion for the rehearing of a similar motion in the state court is only another name for an appeal, and should be denied, unless it is made for reasons which did not appear upon the previous argument. *Duncan* v. *Gegan,* 101 U. S. 810; *French* v. *Hay,* 22 Wall. 231; *Brooks* v. *Farwell,* 4 FED. REP. 166; *Werthein* v. *Continental Railway & Trust Co.* 11 FED. REP. 689; *Milligan* v. *Lalance & Grosjean Manuf'g Co.* 17 FED. REP. 465; *Smith* v. *Schwed,* 11 Reporter, 730; [S. C. 6 FED. REP. 455.]

We see no reason why this does not apply to the question under consideration. We do not affirm the action of the state court in respect to this garnishment; we simply accept its decision as settling one of the preliminary questions in the case. But to render this proceeding effectual, the concurrence of the court in which the judgment was rendered is necessary. If the circuit court for West Virginia shall be of opinion that the circuit court for the county of Monroe exceeded its power in sustaining this garnishment, it will simply disregard the writ, and proceed to enforce its judgment, as was done by the supreme court in the somewhat similar case of *Wallace* v. *McConnell,* 13 Pet. 136.

We do not consider our action as precluding in any way an independent consideration of the question by that court. The motion is denied.