### KNOWLES LOOM WORKS v. RYLE.

(Circuit Court, E. D. Pennsylvania. May 13, 1897.)

PARTIES—INTERVENTION.
Holders of bonds secured by a mortgage, to the lien whereof certain machinery is subject, are not entitled to intervene as parties defendant, in an action of replevin for the machinery, where the defendant has elected to give a claim property bond to the marshal, and to retain the machinery, as their interest cannot be affected by the decision.

J. Martin Rommell, for plaintiff.
John S. Hoffman, for petitioners.

DALLAS, Circuit Judge. This is a suit at law,—an action of replevin for the alleged wrongful detention of certain machinery. The Lehigh Valley National Bank and others have filed a petition for leave to intervene as parties defendant. Their supposed right of intervention is based upon the allegation that they are holders, to a considerable amount, of bonds secured by a certain mortgage, to the lien whereof it is averred the said machinery is subject. The mortgage trustee has, upon request, declined to intervene. The petitioners admit that they believe the defendant to be the owner of this machinery, and that he has given a claim property bond (against their objection) to the marshal; but still they assert that, "for the protection of their interest in the premises," they should be permitted to become parties. It is not requisite to consider every objection which might be opposed to this proceeding. A single and I think an obvious one is fatal to it. The defendant had an unquestionable right to give a claim property bond, notwithstanding the protest of the petitioners. He has exercised that right; and, "clearly, after the prop-

erty is retained by the defendant on the claim of ownership, and security given to the sheriff [or marshal], there is no remedy at law by which the plaintiff in replevin can repossess himself of it." Fisher v. Whoollery, 25 Pa. St. 199. Therefore, no interest of the petitioners will be in any way affected by the decision of this case. Whatever right or interest they may have to or in the property in question will be quite as valid and just as available, after the entry of any judgment which can be rendered herein, as it would have been if this action had not been brought. The petition for leave to intervene is dismissed.