BRAGDON v. PERKINS-CAMPBELL CO.

(Circuit Court, W. D. Pennsylvania. July 7, 1897.)

**1. PROCESS—SERVICE ON FOREIGN CORPORATION—RETURN AS EVIDENCE.**
   A return on a summons against a nonresident corporation, showing service upon a person stated therein to be agent of such corporation, is prima facie evidence of a good service under the statutes of Pennsylvania.

**2. REMOVAL OF CAUSES — STATUS OF CAUSE AFTER REMOVAL — RULINGS OF STATE COURT.**
   Where a nonresident defendant, sued in a state court, invokes the judgment of that court by a motion to set aside the service of the summons, he is concluded by the court's decision, and cannot renew the motion in the federal court, after removing the cause, on substantially the same evidence.

Shiras & Dickey, for plaintiff.

H. & G. C. Burgwin and Geo. N. Chalfant, for defendant.

ACHESON, Circuit Judge. This suit was begun in the court of common pleas No. 2 of Allegheny county. In the præcipe for the writ of summons and in the writ the defendant was described as "a foreign corporation doing business in the commonwealth of Pennsylvania." The return of the sheriff was: "Served Jan'y 25th, 1897, by delivering a true and attested copy of this writ to J. W. Crider, agent for the Perkins-Campbell Company, and made known to him the contents thereof." Thereupon the defendant presented to the court of common pleas a petition setting forth that it was a foreign corporation of the state of Ohio, transacting its business therein; that it did no business in the state of Pennsylvania, except to ship goods into the state from its place of business in Ohio; that J. W. Crider was not, and never had been, an agent of the defendant company, and that he had no connection with the company except as a traveling salesman, on commission; and praying for a rule on the plaintiff to show cause why the sheriff's return of service of the writ of summons should not be set aside. Accordingly, the court granted such a rule. The plaintiff filed an answer to the rule, denying the material averments of the petition, and alleging that the defendant was and had been engaged in transacting its business in the state of Pennsylvania, and that J. W. Crider was and had been the defendant's general agent for the state of Pennsylvania in charge of and conducting its business therein. Depositions on both sides were taken, and, after a hearing upon the merits, the court discharged the rule. The cause was then removed to this court by the defendant. Here the defendant obtained a rule upon the plaintiff to show cause why the service of the writ of summons should not be set aside, and the case dismissed, upon the ground that J. W. Crider was not such an agent of the defendant that service on him bound the defendant, and for want of jurisdiction over the defendant. At the hearing of this rule the case made by the defendant was the same as that upon which the state court had already passed, except that the defendant produced a new deposition containing cumulative evidence in support of its allegations. What, then, should be the action of this court? It is to be observed, first, that this record does not, on its face, disclose

a want of jurisdiction. The return of the sheriff, while not conclusive, is prima facie evidence of a good service. Hagerman v. Slate Co., 97 Pa. St. 534; Fulton v. Association, 172 Pa. St. 117, 33 Atl. 324. Now, undoubtedly, it was open to the defendant, by promptly filing a petition for the removal of the case, to have obtained the judgment of this court upon the question of the validity of the service. Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126. But the defendant did not pursue the course, it was at liberty to take, of declining to subject itself in any way to the jurisdiction of the state court. It invoked the judgment of that court upon the question of the validity of the service. Certainly, so long as the cause remained in the state court, that question was within its cognizance. The proper determination of the question depended upon what the facts were. At the defendant's instance an issue of fact was raised in the state court, and submitted to its determination. The decision was against the defendant. Is the same question to be retried here upon substantially the same evidence? That, I think, is not permissible. This is not a court of review. The general rule is that, upon the removal of a cause, the circuit court takes the case as it finds it, accepting the decrees and orders made by the state court as adjudications in the cause. Loomis v. Carrington, 18 Fed. 97. As was said by Chief Justice Waite in Duncan v. Gegan, 101 U. S. 810, 812, the circuit court "takes the case up where the state court left it off." The present case, I think, falls within this general rule. In Allmark v. Steamship Co., 76 Fed. 615, where the defendant removed the cause after denial by the state court of the defendant's motion to set aside the service of the summons, Judge Benedict held that the defendant was concluded by the decision of the state court. And now, July 7, 1897, the rule to show cause why the service of the writ of summons should not be set aside, etc., is discharged, with leave to the defendant to plead within 30 days.