## LATHROP–SHEA & HENWOOD CO. v. INTERIOR CONST. & IMP. CO.

### (Circuit Court, W. D. New York. January 30, 1907.)

### No. 147.

1. REMOVAL OF CAUSES—ACTION AFTER REMOVAL—QUESTIONS DECIDED BY STATE COURT.

It is a general rule that the federal courts in a case removed from a state court will not sit in review of any act done by that court prior to the removal, but where the state court acted without jurisdiction a different rule applies, and a motion to quash the service on a defendant who has not entered a general appearance, which involves the question of jurisdiction over the defendant, although overruled by the state court, may be renewed after removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 241.]

2. APPEARANCE—SPECIAL APPEARANCE TO OBJECT TO JURISDICTION.

The special appearance of a foreign corporation defendant in a state court for the single purpose of insisting that no valid service has been made upon it is not a submission to the claimed jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, § 44.]

3. CORPORATIONS—SERVICE ON FOREIGN CORPORATION—NEW YORK STATUTE.

Where a foreign corporation designated an agent on whom service might be made in accordance with the provision of section 16 of the general corporation law of New York (Laws 1892, p. 1806, c. 687), and complied with the other requirements of the law to entitle it to do business in the state and in fact engaged in business therein, but subsequently ceased such business, revoked the appointment of its agent, and withdrew its office and property from the state, its subsequent maintenance of an action in a court of the state, which was commenced before it withdrew therefrom and related to its business therein, does not constitute a continuance of such business so as to subject it to suit therein by making service on the Secretary of State, which is authorized

by said section 16 in case of the death or removal of the designated agent of a foreign corporation doing business in the state and a failure to appoint another.

[Ed. Note.—Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.]

On motion of defendant after removal of the cause to vacate a default judgment in the state court and to set aside the service of summons on said defendant.

See 143 Fed. 687.

Bushnell & Metcalf and J. H. Metcalf, for plaintiff.
Daniel J. Kenefick and C. Walter Artz, for defendant.

HAZEL, District Judge. This application by the defendant, the Interior Construction & Improvement Company, a foreign corporation (herein called the "Construction Company"), is to vacate a judgment rendered on default in pleading and to set aside the summons and service thereof as null and void. The action was originally brought in the Supreme Court of the state of New York against the Pittsburg, Shawmut & Northern Railroad Company, a domestic corporation (herein called the "Railroad Company"), and the Construction Company, jointly, to recover money for services performed and materials furnished in the year 1902, pursuant to contract with the Construction Company; it being alleged in the complaint that the Construction Company acted as agent of the Railroad Company. Pursuant to section 16 of the general corporation law of the state of New York (Laws 1892, p. 1806, c. 687), and as a condition of doing business therein, the Construction Company designated one Mollenhauer, a resident of the city of New York, as a person upon whom process against it might be served within the state. Afterwards, on November 14, 1904, Mollenhauer, in accordance with the provisions of subdivision 2 of section 432 of the Code of Civil Procedure, filed an instrument in writing in the office of the Secretary of State consenting to the revocation of his designation. On November 16, 1904, the summons in this action was served upon the Secretary of State under said section 16 of the general corporation law, which substantially provides for substituted service upon that officer of process against foreign corporations doing business in this state in the event either of the death of the person designated or his removal from the place where the corporation has its principal office within the state, and the corporation has omitted to designate another person. Before the expiration of the time to answer or demur, and on December 6, 1904, the Construction Company, appearing specially for that purpose, made a motion to set aside the service of the summons as aforesaid, upon the ground that at the time thereof it was not doing business in this state, and that the designation of Mollenhauer had in fact been revoked. In support of such motion affidavits were read showing that in the month of August, 1904, the Construction Company discontinued its business operations in this state, and removed its office to the city of Detroit, Mich. By the opposing affidavits it was shown that the Construction Company, prior to the removal of its office and business, brought an action in the Supreme Court of the state

of New York against a firm of subcontractors for the construction of the railroad, which action was pending at the time of the purported service of the summons. In other respects the assertion of the Construction Company as to the removal of its office and the discontinuance of its business was not controverted. The motion to annul the service of the summons was denied by the Supreme Court, and its decision was subsequently affirmed by the Appellate Division without opinion. Later leave to appeal to the Court of Appeals was denied. In the meanwhile the time of the Construction Company had been extended by stipulation and order until 10 days after denial of the application to appeal and entry of the order thereon.

On February 6, 1905, a petition for removal to this court was presented to the state court in conformity with the provisions of the Revised Statutes of the United States, and, the removal being effected, a motion was made in this court to set aside the service of the summons. Thereupon the plaintiff moved to remand the case to the state court, and on March 17, 1905, the plaintiff's motion was granted on the ground that no separable controversy existed; the motion of the construction company to dismiss the substituted service being at the same time overruled. Lathrop-Shea & Henwood Co. v. Pittsburg Shawmut & Northern R. Co. (C. C.) 135 Fed. 619. Before the time to plead expired a motion was made by the Construction Company in the state court for further time to answer; it having meanwhile moved to compel the plaintiff to elect the defendant against which the action should be prosecuted. The latter motion being denied, the Construction Company later defaulted in pleading. The issues raised by the Railroad Company were sent by the state court to a referee, to hear, try, and determine, and on October 26, 1905, the action against the Railroad Company was dismissed on the report of the referee. Prior thereto, on September 27, 1905, because of the default of the Construction Company, judgment was rendered against it for the sum of $47,363.15. Following the entry of judgment a motion was made and granted by the state court dismissing the complaint against the Railroad Company in accordance with the decision of the referee, and thereafter the Construction Company, on October 31, 1905, again removed the action into the federal court and attacked the service of the process for invalidity. The plaintiff once more moved to remand on the ground that an appeal had been taken from the judgment rendered upon the decision of the referee, and accordingly it was thought that there was not a division of the action into separate controversies. Plaintiff's motion was granted. Lathrop-Shea & Henwood Co. v. Interior Const. & Imp. Co. (C. C.) 143 Fed. 687. Subsequently, on December 4, 1906, the Appellate Division of the state court sustained the referee, and, such decision being regarded as a final determination of the nonliability of the Railroad Company and a division of the controversy, the case for the third time was removed to this court, and the defendant, Construction Company, again moves to set aside the purported service upon the Secretary of State. In opposition to the motion, the plaintiff urges two grounds—that the proceedings in the state court are res adjudicata; and that the substituted service upon the defendant, foreign corporation, is valid.

In support of the first ground plaintiff directs special attention to the cases of Mutual Reserve Ass'n v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. Ed. 987; Bragdon v. Perkins, Campbell Co. (C. C.) 82 Fed. 338, and Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 614. These adjudications, however, are not thought to be apposite. In the Phelps Case the defendant corporation concededly was doing business in the state of Kentucky, though its permission to do so had been withdrawn by the insurance commissioner, and under such circumstances, the service of the summons upon the latter pursuant to the statute providing therefor was held valid. In the Perkins-Campbell Case a general appearance was interposed by the defendant, and before the removal of the case a dispute arose as to whether the person served with process was the agent of the defendant company or merely a traveling salesman on commission. It was proven by the plaintiff that the person served was the general agent of the defendant, and upon the merits the state court dismissed the application to annul the substituted service. In this situation the case was removed and motion made in the federal court to invalidate the service. No new or different facts were elicited than those already passed upon by the state court. It was accordingly held that, as lack of jurisdiction was not disclosed by the facts, the Circuit Court was concluded by the decision of the state court. In the Allmark Case it was broadly held that after the denial by the state court of the motion to set aside service of the summons there can be no renewal of the motion in the federal court without obtaining leave to do so, and the case was taken by that court in the condition in which it left the state court. An examination of the record in the case mentioned persuasively indicates that the question decided by the state court was simply whether the service, in fact, was made upon the managing agent. Upon conflicting affidavits the state court decided that the defendant was doing business in the state, and the person served was its agent.

The case at bar does not fall within the principle enunciated in the cases mentioned. Beyond doubt, it is a general rule that the federal courts in a case removed from the state court will not sit in review of any act done by that court prior to the removal, and comity dictates that what was done by a court of co-ordinate jurisdiction before the case was removed is entitled to great respect and the decrees of such court are ordinarily regarded as correct adjudications of the questions involved. Where, however, the state court acted without jurisdiction, a different rule unquestionably applies (Loomis v. Carrington [C. C.] 18 Fed. 97), and the inaptitude of the doctrine of res adjudicata is plainly apparent in a case such as this, where the defendant, a citizen of another state having withdrawn its business and property from this state, has the absolute right to remove an action brought against it to the federal court. Such a right unless waived by general appearance, or otherwise forfeited, is founded upon the defendant's alienage or citizenship of another state and was granted by an act of Congress. Under such circumstances no state is permitted by its action to abridge or nullify a right granted pursuant to constitutional law. Tortat v. Harden Min. & Mfg. Co. (C. C.) 111 Fed. 426.

The primal questions for determination upon the papers presented are whether the Construction Company at the time this action was brought had ceased to transact business in the state of New York, and whether the purported service was valid. These submitted questions invoke the jurisdiction of this court. In deciding them this court is bound by abundant authority to exercise the power of determining whether jurisdiction in fact has attached without being influenced or persuaded by the decisions of the state tribunals. The trend of the adjudications which this court is constrained to follow indicate that the federal courts are the sole judges of their own jurisdiction, which manifestly is derived from a government differing from that which clothes the state tribunals with judicial power. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. The special appearance of the Construction Company in the Supreme Court of the state of New York for the single purpose of insisting that no valid service had been made upon it, that it had actually stopped doing business in this state, had removed its property therefrom, and revoked the designation of its agent under the statute prior to such service, was not a waiver of its right or a submission to the claimed jurisdiction. This principle is clearly adduced from the following cases cited in defendant's brief: Remington v. Central Pacific Railroad Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959; Powers v. C. & O. Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673; Johnson v. Computing Scale Co. (C. C.) 139 Fed. 339; Morris v. Graham (C. C.) 51 Fed. 53; Porter L. & W. Co. v. Baskin (C. C.) 43 Fed. 323; Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Bentlif v. London, etc. (C. C.) 44 Fed. 667; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Courtney v. Pradt, 196 U. S. 89, 26 Sup. Ct. 208, 49 L. Ed. 398; Cady v. Associated Colonies (C. C.) 119 Fed. 420; So. Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.

The crucial point is whether the service upon the Secretary of State was sufficient to bring the defendant within the jurisdiction of the state court. The plaintiff urges that before this action was brought, and while the Construction Company was concededly engaged in business in this state, it brought an action which is still pending in the Supreme Court of this state against one Maclean. The cause of action arose out of the construction by the defendant of the railroad mentioned in the complaint, but whether the subcontract for such work involved in said action was made or performed in the state of New York does not appear. The contention that a foreign corporation (which has complied with section 16 of the corporation law of New York) cannot maintain or prosecute an action in the state court, and also be heard to claim in an action brought in that court against it that such court is without jurisdiction on the ground that the business and property of the corporation has been removed from the state, is not persuasive. And the suggestion that the certificate under which the business in this state is carried on by a foreign corporation by implication authorizes a constructive service upon the secretary of state, even though the

business of the corporation has been discontinued in the state and the designation revoked, is without force.   It is conceded by the plaintiff that the maintenance of the action in the state court by the defendant is not of itself doing business within the state.   The Court of Appeals in the case of Penna. Collieries Co. v. McKeever, 183 N. Y. 103, 75 N. E. 936, recently held that the term "'doing business in the state' implies corporate continuity of conduct in that respect, such as might be evidenced by the investment of capital here with the maintenance of an office for the transaction of its business and those incidental circumstances which attest the corporate intent to avail itself of the privilege of carrying on a business."

In Cady v. Associated Colonies, supra, it is said:

"The fact that there was some claim against the defendant remaining from its former business in the state is not sufficient.   It must be engaged in transacting some substantial part of its ordinary business."

See, also, United States v. American Bell Telephone Co. (C. C.) 29 Fed. 17; Buffalo Glass Co. v. Manufacturers' Glass Co. (C. C.) 142 Fed. 273.   The maintenance of an action in the state court to enforce a liability or to settle outstanding accounts, even though contracted while the corporation was engaged in doing business within this state, but prior to the controversy in question, is not thought a continuation of the ordinary and substantial part of its business. Hunter v. Mutual Reserve Life Ins. Co., 184 N. Y. 136, 76 N. E. 1072.

This court cannot read into the state statute a provision which clearly is not contained therein.   It was unquestionably within the power of the Legislature to impose restrictive conditions as a prerequisite to a defendant's right to transact business in this state.   For instance, it could have provided that service of process upon the Secretary of State should be constructive service upon a defendant during the existence of any outstanding liabilities in the state, the corporation having withdrawn its business therefrom, but such is not the provision of the statute, and hence it would seem that the argument of counsel for plaintiff upon that point is simply resolved into a demand for a quid pro quo which manifestly cannot be entertained.   For the reasons stated, I am constrained to hold that after the defendant withdrew its business from this state and held no property therein, the designation being revoked, the subsequent purported service upon the Secretary of State was not service upon the defendant.

The motion of the Construction Company to vacate the default judgment and to set aside the service in question for lack of jurisdiction of the moving defendant must be granted.