GUERNSEY v. CROSS.

(Circuit Court, D. Maine. May 20, 1907.)

No. 48.

REMOVAL OF CAUSES—PROCEDURE AFTER REMOVAL—MATTERS DETERMINED BY STATE COURT.

On removal of a cause into a federal court, that court takes it precisely as it finds it, accepting all decrees and orders of the state court as adjudications, and will not entertain a motion which had been fully presented to and finally decided by the state court before removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 241.

Legal and equitable remedies and proceedings on removal from state court, see note to Utah-Nevada Co. v. De Lamar, 75 C. C. A. 4.]

John S. Williams, for plaintiff.
Manson & Coolidge, for defendant.

HALE, District Judge. This action at law was begun in the Supreme Judicial Court of the state of Maine for the county of Piscataquis by a writ of attachment against the property of the defendant, who is alleged to reside in Boston, in the commonwealth of Massachusetts. The writ was returnable at Dover, in said county of Piscataquis, on the last Tuesday of February, 1907, and was entered on that day in that court. It appears by the record of the state court before me that upon the second day of the term a motion to dismiss was filed. The motion to dismiss alleges that the state court had no jurisdiction over the defendant's person, because the defendant was a nonresident of the state, and because it does not appear by the writ and officer's return of record that he was ever served with process within the limits of the state, or that any property belonging to him was found within the state, or that there had been any service of writ or process upon his tenant, agent, or attorney in the state of Maine. The motion further alleges that the writ should be dismissed for the reason that the action is brought by the plaintiff in the capacity of trustee in bankruptcy of the Dews Woolen Company, a corporation organized under the laws of Maine, and having its place of business in Dexter, in the county of Penobscot; that the defendant is a nonresident of Maine; and that the action should have been returnable in Penobscot county, the residence of the bankrupt corporation, and not

in Piscataquis county, where the trustee in bankruptcy resides. The record shows that the motion to dismiss was overruled on the day of its filing, and thereupon exceptions were taken by defendant, and were filed and allowed. Counsel on both sides admit that the motion was argued in the state court, and was decided upon argument in that court. Without carrying the exceptions forward, however, the defendant appears by the docket entries to have presented his removal papers after the motion to dismiss had been overruled and exceptions taken. The state court thereupon proceeded no further. The case therefore comes to this court by removal. On April 16th, the first day of the April term of this court, the defendant filed a motion to dismiss the writ. The motion is the same, in substance, and practically the same in form, as the motion made and overruled in the state court.

It appears, then, that the Supreme Judicial Court of Maine acted upon this question before the removal of the cause to this court, and that it had jurisdiction in the premises. The defendant's motion was overruled in the state court, after a full presentation of the same to that court, and arguments upon it. The defendant excepted to the ruling of the state court. Instead of waiting, however, to prosecute his exceptions before the appellate tribunal of the state, he removed the cause to the federal court. The renewal of the same motion in the federal court is practically an attempt to appeal the cause from the state court to the federal court upon the questions which arise under this motion. The motion in this court is based upon a misapprehension of the effect of removals from the state court to the federal court. Upon removal of a cause, the federal court does not, in any way, act as a court of appeals. It takes the case precisely as it finds it, accepting all decrees and orders of the state court as adjudications. In this case, we might have had a very serious doubt upon one question arising under this motion, if the motion had come before us in the first instance, instead of having been presented to, and decided by, the state court before the removal of the cause. But we take the cause as we find it when it left the state court. We cannot treat the decree of that court as a nullity.

In Duncan v. Gegan, 101 U. S. 810, 812, 25 L. Ed. 875, in delivering the opinion of the Supreme Court, Mr. Chief Justice Waite said:

"The transfer of the suit from the state court to the Circuit Court did not vacate what had been done in the state court previous to the removal. The Circuit Court, when a transfer is effected, takes the case in the condition it was when the state court was deprived of its jurisdiction. The Circuit Court has no more power over what was done before the removal than the state court would have had if the suit had remained there. It takes the case up where the state court left it off. * * * Duncan, who caused the removal to be made, is the only party who complains of the decree below, and he cannot object here to what has been done below by his own procurement." Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; French v. Hay, 22 Wall. 231, 22 L. Ed. 799; Brooks v. Farwell (C. C.) 4 Fed. 166; Loomis v. Carrington (C. C.) 18 Fed. 97; Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 615; Bragdon v. Perkins-Campbell Co. (C. C.) 82 Fed. 338.

In Bragdon v. Perkins-Campbell Co., supra, the federal court applied the rule to a state of facts very similar to that presented in the case at bar.

In Loomis v. Carrington, supra, the federal court expressed doubt as to the correctness of the ruling of the state court, but stated the rule as the Supreme Court has given it in Duncan v. Gegan, supra.

In Milligan v. Lalance Co. (C. C.) 17 Fed. 465, Judge Brown stated the rule as we have given it. He took action, however, upon a matter which had been pending in the state court when the cause was removed, but which had not been decided in that court. Judge Brown said:

"If this motion were in the nature of an appeal, or even of a motion for rehearing or reargument, as the plaintiff contends, it must have been denied. But it cannot be so considered. At the time the cause was removed, a motion for a modification of the order had been entertained by the general term, and was then pending and unheard. That application must be disposed of by this court. It is brought before it by means of this motion, and in disposing of it this court must necessarily act as the general term, and may and should make any proper order consistent with the prior general term decision, which, upon that motion, it was competent for the general term to make."

In Miner v. Markham (C. C.) 28 Fed. 387, 395, the federal court acted upon a matter where the state court had denied the motion, but had expressly held that it was without prejudice to a renewal of the same. The court held that under those circumstances the defendant had not waived his privilege, and could assert it in the federal court with the same force and effect as if the suit had been brought and the motion made in the federal court in the first instance, citing Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237.

If, then, in the case at bar, the defendant had made his motion to dismiss, and, pending such motion, and before its denial, had removed the cause to this court, he could be heard in this court upon that motion, under Judge Brown's decision in Milligan v. Lalance, etc., Co., supra. If the defendant had made his motion in the state court before removal, and the state court had denied his motion, but had made a special ruling that such denial was without prejudice to its renewal, we could then have held that the defendant had not waived his privilege, but could assert it in the federal court with the same force that he might have renewed it in the state court, or that he might have made it in this court if the suit had been brought in the first instance in this court. Miner v. Markham, supra.

But this cause presents a clear case for the application of the general rule in Duncan v. Gegan, supra. The defendant made his motion to dismiss in the state court, before the removal of the cause to this court, argued it to the state court, was overruled by the state court, and filed his exceptions in the state court. He cannot now be heard to object to what was done in the state court by his own procuremnt. The federal court takes a case up where the state court left it, and must recognize the decree which the state court made upon a question within its cognizance.

The motion of the defendant is overruled.