## TAYLOR et al. v. SCARBOROUGH et al.
### No. 5952.

District Court, E. D. New York.

Feb. 19, 1932.

Charles Halla, of New York City (Morris Orenstein, of New York City, of counsel), for plaintiffs.

Cady, Schapiro & Schapiro, of New York City (Arnold A. Jaffe, of New York City, of counsel), for defendant Scarborough.

GALSTON, District Judge.

This is a motion to remand the cause to the Supreme Court of the State of New York.

The action was removed from the Supreme Court of the County of Suffolk. It was instituted by the plaintiffs to recover the sum of $20,254.55, for services rendered, as attorneys, to the defendant William B. Scarborough, and to have that sum determined as a lien upon one thousand shares of the common stock of the Aluminum Company of America.

Following the commencement of the action, a stipulation was entered into and an order made which provided that the defendants Aluminum Company of America and United States Aluminum Company deliver a certificate for the one thousand shares of the common stock of the Aluminum Company of America, for safe-keeping, into the custody of Hughes, Schurman & Dwight, Esquires, to be held by them as depositaries for the account of the defendant William B. Scarborough, subject to the lien of the plaintiffs in this action. The order further provided that the stock be held by that firm pending the determination of this action to enforce the plaintiffs' lien and subject to the further order of the court. The order contained other provisions which it is not necessary to recite at the moment.

Then the defendant William B. Scarborough, by counsel appearing specially for the purpose of the petition, had the cause removed to this court.

It is now sought to have the cause remanded on the alleged ground that the acts of the defendant Scarborough constituted a waiver of the right of removal.

I do not find from the record before me that the defendant entered a general appearance in the action in the Supreme Court. Certainly it appears from the notice of the petition for removal that his attorneys appeared specially. It has been held in such circumstances, indeed even if the limited phrase had not been attached, that the filing of the petition amounts to but a special appearance. General Investment Co. v. Lake Shore & M. S. R. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244.

As to the matter of waiver because of the stipulation, no case is cited construing a stipulation, such as is presented herein,

which can be deemed authority for holding that the defendant should be foreclosed from asserting such right. As was said in McMillen v. Indemnity Insurance Co. of North America (D. C.) 8 F.(2d) 881, 883: "The defendant should not be deprived of its constitutional and statutory right to a trial in a court of the United States upon the ground of waiver, 'unless a clear case of intent to submit and to have a hearing in the state court is made to appear.'"

The fact that the order of the Supreme Court contained a provision that the final disposition of the deposited stock was to be subject to the further order of the court cannot amount to a waiver. Section 79, title 28, U. S. C. (28 USCA § 79), reads as follows: "When any suit shall be removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the State court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which said suit was commenced. All bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual notwithstanding said removal; and all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed. (R. S. § 646; Mar. 3, 1875, c. 137, § 4, 18 Stat. 471; Mar. 3, 1911, c. 231, § 36, 36 Stat. 1098.)"

And section 81, title 28, U. S. C. (28 USCA § 81), provides: "The district court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal. (Mar. 3, 1875, c. 137, § 6, 18 Stat. 472; Mar. 3, 1911, c. 231, § 38, 36 Stat. 1098.)"

Consequently the order of the state Supreme Court has the same force and effect as though entered herein as a valid order. Werthein & Gompertz v. Continental Railway & Trust Co. (C. C.) 11 F. 689; Duncan v. Gegan, 101 U. S. 810, 25 L. Ed. 875; and in Dicks-David Co. v. Edward Maurer Co. (D. C.) 279 F. 281, 283, it was held that the federal court has control to continue the case and modify or set aside any orders made by the state court, because "if the cause had continued before the state court it could have set aside or modified the orders in question, and what it could have done may be done by the District Court on a rehearing, if the facts warrant such a course."

The motion to remand is, therefore, denied.