HOULTON SAV. BANK et al. v. AMERICAN LAUNDRY MACHINERY CO.
No. 53.

District Court, D. Maine, N. D.
Sept. 5, 1934.

J. F. Burns, of Houlton, Me., and Merrill & Merrill, of Skowhegan, Me., for plaintiffs.

Bernard Archibald, of Houlton, Me., for defendant.

PETERS, District Judge.

This case was heard on a motion to remand to .the Supreme Judicial Court for Aroostook county, from which court it was removed under the removal statute of 1875 as amended (Jud. Code § 28 et seq. [28 USCA § 71 et seq.]).

I find the following facts affecting the issue: The defendant above named, an Ohio corporation, located and doing business there, hereinafter referred to as the laundry company, in November, 1930, sold' to a Maine corporation located in Houlton, called Aroostook Hotels, Incorporated, and hereinafter referred to as the hotel company, certain laundry machinery, giving a conditional bill of sale of the same with reservation of title to secure certain notes of the hotel company aggregating some $6,500. The contract, containing various other agreements between the parties to it besides the reservation of title, was duly recorded in the town clerk's office at Houlton on November 28, 1930.

The machinery was installed in the basement of a hotel in Houlton owned by the hotel company upon which it gave two real estate mortgages, both dated and recorded subsequent to the record of the conditional bill of sale of the machinery. These mortgages are held by the plaintiff banks.

On October 6, 1933, there being due and unpaid some $3,500 of the notes given by the Hotel Company secured by the title to the machinery, the laundry company, by one of its agents, took a lawyer and a deputy sheriff armed with a replevin writ describing the same machinery and made out against the hotel company, went to the hotel where the machinery was located, and started to take it out. They had unfastened a few nuts and bolts when they were requested to desist by an attorney for these banks who stated in substance that the banks claimed the machinery under their mortgages as permanent fixtures, and would shortly take proceedings to enforce their rights. No further effort was made to remove the machinery. The replevin writ was not served or entered in court.

On October 16 this bill in equity was brought in the Supreme Judicial Court by the two banks mentioned against the laundry company claiming title to the machinery mentioned as permanent fixtures that could not be removed without irreparable and permanent injury to the hotel building and asking for an injunction, temporary and permanent, against removal.

The bill was returnable November 7th, within thirty days from which date demurrer, plea, or answer was required to be filed under rules of that court. A restraining order was issued when notice was ordered. On November 1st a temporary injunction was issued restraining the laundry company, "until the hearing on the cause or further order of Court," from entering on the premises and from removing the machinery.

On December 2d petition for removal to this court was filed by the laundry company.

On December 23d a hearing was had in the state court on the petition for removal. According to the decree dated the 26th "testimony and evidence was received," and it was ordered that the petition for removal be dismissed; the court stating in its decree: "Because of the issuance of process of replevin for the identical articles concerned in this case the defendant here, plaintiff in the Superior Court writ, is held to have waived its right to have the question of title to and right to possession of the property sought to be replevined determined by the United States Court. Further, it is held that there is no evidence in this case or in the record thereof that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars."

Notwithstanding the action of the state court, the laundry company procured the required certified copy of the record and filed it in this court. Afterwards the defendant laundry company filed an answer here. Later the plaintiff banks filed their motion to remand, alleging in substance that the defendant had waived its right to remove the case by reason of its activities above recited in connection with the replevin writ and of its entering the hotel property and starting to take out the laundry machinery.

The right to remove the action was also denied on the ground that the value of the property in question was less than $3,000.

From the evidence presented to me at the hearing I find that the amount in controversy is more than $3,000, exclusive of interest and costs. I also find the other jurisdictional facts to be as stated in the petition for removal.

It seems to me that the following conclusions of law are required:

1. The suit was properly entered here, and this court solely has the duty of deciding all issues of fact raised upon the petition for removal. The only matter left to the state court to decide, when a petition for removal is filed, is whether, admitting the facts stated in the petition to be true, it appears on the face of the record that the petitioner is entitled to a removal. For that reason it was not necessary for the defendant to produce any evidence in the state court to support its allegation that the matter in controversy exceeded $3,000.

The Supreme Court in the case of Burlington, etc., R. Co. v. Dunn, 122 U. S. 513, 7 S. Ct. 1262, 1263, 30 L. Ed. 1159, discussed and settled the above propositions. It there said: "All issues of fact made upon the petition for removal must be tried in the circuit court (now district), but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. * * * It presents then to the state court a pure question of law; and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record * * * that the petitioner is entitled to a removal of the suit. * * * But, even though the state court should refuse to stop proceedings, the petitioning party may enter a copy of the record of that court, as it stood on the filing of his petition, in the circuit court, and have the suit docketed there."

This petition for removal contained every averment required by law. It is not contended otherwise. The petition was seasonably filed and was accompanied by a good and sufficient bond, conditioned according to the statute. It was so found by the judge of the state court to whom it was presented. According to the terms of the act of Congress, it was then his duty "to accept said petition and bond and proceed no further in such suit." Jud. Code § 29 (28 USCA § 72). In a similar situation, the Supreme Court in the case of Kern v. Huidekoper, 103 U. S. 485, at page 490, 26 L. Ed. 354, said:

"Notwithstanding the refusal of the State court to make an order for the removal of the cause, the defendants in error, within the time prescribed by the statute, filed a transcript of the record of the State court in the Circuit Court of the United States. This

invested the latter court with full and complete jurisdiction of the case, for, in the language of the section just referred to, 'the said copy being entered as aforesaid in said Circuit Court of the United States, the cause should then proceed in the same manner as if it had been originally commenced in said Circuit Court.'

"If the cause is removable and the statute for its removal has been complied with, no order of the State court for its removal is necessary to confer jurisdiction on the court of the United States, and no refusal of such an order can prevent that jurisdiction from attaching." Kern v. Huidekoper, supra. Home Life Insurance Co. v. Dunn, 19 Wall. 214, 22 L. Ed. 68.

█ 2. The suggestion in plaintiff's brief that defendant waived its right to removal by entering a general appearance in the state court and participating in the hearing on the application for a temporary injunction is without merit.

It does not appear when, if at all, the defendant entered a general appearance, but it appears that the defendant through counsel, in answer to an order of court made on October 20th, appeared on November 1 and opposed the issuance of a temporary injunction. The time for filing a petition for removal had not elapsed. The bill was not returnable until November 7th, and the defendant had thirty days after that in which to file his answer or plea, and consequently that time in which to file his petition for removal.

The right of the defendant to apply for a removal was a substantive right existing for a definite time, and one of which it could not be deprived except by some act of its own amounting to a waiver of the right or an estoppel to assert it. Entering a general appearance and opposing the issuance of a temporary injunction is neither. Such action is not inconsistent with an intention to have a final adjudication on the merits in the federal courts. Waiver is a question of intent.

In a substantially similar case in Massachusetts, Judge Brewster held there was no waiver of right to remove. Collins Mfg. Co. v. Wickwire Spencer Steel Co. (D. C.) 11 F.(2d) 196. See, also, Sidway v. Missouri Land & Live Stock Co. (C. C.) 116 F. 381, and cases cited therein; Champlain Con. Co. v. O'Brien et al. (C. C.) 104 F. 930; Cella Adler & Tilles v. Brown (C. C.) 136 F. 439.

█ 3. It is further contended that the defendant here by its purchase of a writ of replevin which was made out in its name as plaintiff against the Aroostook Hotels Incorporated, describing the same personal property involved in this suit, and with which writ an agent of the defendant here and a deputy sheriff went upon the hotel property for the purpose of taking possession of the mortgaged personal property, as described hereinabove, constituted a waiver of its statutory right of removal of this equity suit to this court. With this contention the judge of the state court agreed, and gave it as one of the reasons for denying a removal of the equity suit. Undoubtedly a defendant by his conduct may waive the right to remove a suit from the state to the federal court, but it is usually said that his conduct, if relied upon as a waiver, must be such as to unequivocally show an election to proceed in the state court.

"To operate as a waiver, the act of the party must be irreconcilably repugnant to the assertion of his legal right. * ⁌ * To make out a case of abandonment or waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose, or acts amounting to an estoppel on his part." Whiteley Malleable Castings Co. v. Sterlingworth Ry. Supply Co. (C. C.) 83 F. 853, 855; St. Louis-San Francisco Ry. Co. v. Simmons, 116 Okl. 126, 242 P. 151.

█ It is very true that bringing a suit in the state court is an election of a tribunal for the settlement of the rights involved in that suit, and a waiver of any right to change to another jurisdiction. Voluntarily taking the position of a plaintiff would, of itself, on the face of it, deprive that party of the right to remove, under the statute applicable here, in which the right is given to defendants only. In this case, assuming that the replevin suit was actually brought (about which there is some dispute), it was clearly an election to submit the question of the right of possession of the described property, as between the plaintiff and the defendant in that suit, to the court which issued the writ. The defendant here, the laundry company, sued, or started to sue, the hotel company in the state court. If the hotel company had come back with a bill in equity asking that the suit at law be enjoined, the laundry company could not remove that equity suit to the federal court, though on its face removable, because it had made a clear election to submit the controversy involved to the state tribunal. It had waived its right to carry that

controversy into another jurisdiction. This, on the authority of Rogers v. Rogers, 1 Paige (N. Y.) 183, cited and relied upon by the plaintiff.

 But it seems equally clear that the controversy between the parties named in the writ was the only controversy submitted, and that, if the defendant here had a controversy with the same party about some other matter, or a controversy with another party about the same matter, he was not precluded from taking it to another court having jurisdiction, under appropriate circumstances. It is said, however, that, when the defendant here made out its replevin writ against its conditional vendee, or mortgagor as I regard it, the whole question of right to take away the property was involved; that the parties interested in the real estate as mortgagees (the plaintiffs in this suit) might have intervened in the replevin suit and had their rights established also. It seems to me doubtful whether intervention could have been allowed, the particular lien or claim of the banks not being in question, and there being no privity. Knowles Loom Works v. Ryle (C. C.) 81 F. 940.

But, whether or not the plaintiffs here could have intervened, they did not do so, but started a separate action, by bill in equity, against this nonresident defendant, asserting independent rights in the machinery as mortgagees of the real estate of which they claimed the machinery had become a part under the law of fixtures. It is apparent from the record that a decision in the replevin suit, involving a written contract between the parties to it, would not affect the rights of the banks, plaintiffs herein; and that a decision in this equity suit, involving the status of the machinery under the real estate mortgages, would not change the rights as between the mortgagor and mortgagee of chattels.

Under these circumstances, how can an intent to submit both controversies be inferred from the submission of one? The defendant here had a right to sue one person in one court on a matter involving a chattel mortgage and to have another tribunal having jurisdiction decide a controversy with third persons involving the law of fixtures.

A waiver is the voluntary relinquishment of a known right. The only evidence of an intention on the part of this defendant to relinquish its right to have a possible controversy with the banks about this property settled in this court is that he brought in the state court a suit against another party involving other rights in the same property. This act is certainly not "irreconcilably repugnant to the assertion of its legal right." See cases above cited.

"The defendant should not be deprived of its constitutional and statutory right to a trial in a court of the United States upon the ground of waiver, 'unless a clear case of intent to submit and have a hearing in the state court is made to appear.'" McMillen v. Indemnity Ins. Co. (D. C.) 8 F.(2d) 881, 883; Taylor et al. v. Scarborough et al. (D. C.) 56 F.(2d) 281.

 Another consideration should not be lost sight of. There is no appeal from an order to remand. A decision denying the motion to remand is reviewable. As Judge Sanborn said in the case of Boatman's Bank v. Fritzlen et al. (C. C. A.) 135 F. 650, 655, quoted in Niccum v. Northern Assurance Co. (D. C.) 17 F.(2d) 160: "Every conscientious judge, every thoughtful man, upon whom is laid the grave responsibility and the heavy burden of determining the rights of his fellows, rejoices in the thought, wherever such is the case, that his decision may be reviewed, and that, if erroneous, it will not work irreparable injustice to him whom he deems it is his duty to defeat. When a case has been removed from a state to a federal court, and a motion to remand it is made, or when a motion to remove it is presented in the first instance to the federal court, the petitioner either has or he has not the right to the trial and decision of his controversy in that court. That right is of sufficient value and gravity to be guarantied by the Constitution and the acts of Congress. If it exists, and the Circuit Court denies its existence, and remands or refuses to remove the suit, the error is remediless, and it deprives the petitioner of his constitutional right. If the right does not exist, and the court affirms its existence and retains the suit, the error may be corrected by the Supreme Court. An error that the aggrieved party may correct is less grievous than one that is without remedy."

It was stated in Re Chicago, etc., R. R. (D. C.) 50 F.(2d) 430, 435, that: "Even if the question of removability is doubtful, it is the duty of the court to deny the motion to remand."

That, however, is not the controlling feature in my mind. On account of the respect due the decision of any judge of the Supreme Court of this state, the matters pre-

sented have received careful consideration on the merits. I have no right to review the decision of the state court, but the controlling statutes and decisions make it obligatory upon me to pass an independent judgment on the questions involved in this motion. The questions are important. If I am wrong, the error can be corrected. My conclusion is that the motion to remand should be denied, and it is so ordered.